Malicki v. Bulkley.

J. A. FULLENWIDER, attorney for appellees.

|107 595|
|a206s 249|

## Teofila Malicki v. Almon W. Bulkley et al., Receivers.

1. INSURANCE COMPANIES—*A Judgment Obtained Within Two Years After the Dissolution of an Insurance Company is Valid and Binding.* —A judgment obtained within two years after the dissolution of an insurance company is valid and binding under Par. 271, Ch. 73, S. & C. Ann. Stat., which provides for the continuation of their corporate charter for two years, and Par. 12 of Ch. 32 which provides that the dissolution of such a corporation shall not take away or impair any remedy given against such corporation, its stockholders or officers, for any liabilities incurred previous to its dissolution.

Intervening Petition, for an equitable attachment. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN,

Judge presiding.  Heard in the Branch Appellate Court at the March
term, 1902.  Affirmed in part and reversed in part.  Opinion filed April
28, 1903.  Rehearing denied May 15, 1903.

JOHN M. DUFFY and WARWICK A. SHAW, attorneys for
appellant.

ANSON E. MEANOR, attorney for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion
of the court.

The Chicago Guaranty Fund Life Society, an insurance
company of the State of Illinois, was by decree entered
December 19, 1900, dissolved, and appellees appointed
receivers therefor.

Appellant claiming to be a judgment creditor of said
insurance company applied to the receivers to have her
claim against said society allowed and paid out of a fund
of $2,800, theretofore during the progress of the suit in
which appellant obtained her judgment, deposited with the
Royal Trust Company to secure the Fidelity and Deposit
Company of Maryland against loss by reason of its having
signed an appeal bond in an appeal taken by said Chicago
Guaranty Fund Life Society from a judgment obtained by
appellant in the suit in which the final judgment upon
which appellant based her petition was rendered.  Upon
the hearing, appellees, the receivers, having refused to
acknowledge the validity of her judgment and refused to
pay her anything thereon, she filed her petition in court
for an order requiring them to allow and pay said judg-
ment out of said fund in the possession of the Royal Trust
Company.  The Superior Court refused to allow her peti-
tion and from such refusal this appeal is prosecuted.

Upon the hearing in the Superior Court it appeared that
appellant, March 17, 1897, begun suit against the Chicago
Guaranty Fund Life Society in the Circuit Court of Wayne
County, Michigan, to recover upon insurance policy 21,689,
issued by said society to the husband of appellant, John
Malicki, who died October 23, 1896.

It further appeared that said suit of appellants was tried

four times, and that December 24, 1897, she therein obtained judgment against said Chicago Guaranty Life Fund Society; that from a judgment obtained by appellant in such suit an appeal was taken by the defendant therein to the Supreme Court of the State of Michigan; that the Chicago Guaranty Life Fund Society procured the Fidelity & Deposit Company of Maryland to become surety upon the appeal bond given in said appeal, and that to secure said Fidelity & Deposit Company of Maryland for signing such appeal bond, the sum of $2,800 was by the said Chicago Guaranty Life Society deposited with the Royal Trust Company of Chicago, which said $2,800 is still in the possession of said Royal Trust Company.   It further appeared that upon the hearing of the said appeal taken by the said Chicago Guaranty Life Society, said life society was successful and the said judgment obtained by appellant from which such appeal was taken was reversed by the Supreme Court of the State of Michigan and the cause remanded.   That thereafter, January 15, 1901, in said suit brought by appellant, she obtained against the Chicago Guaranty Life Society a final judgment for $3,600 and costs, which judgment is still in force.

It also appeared that appellees as such receivers, employed and paid counsel out of the funds in their hands to appear in the said suit brought by appellant in the State of Michigan, and that counsel did appear in and defend said suit at the instance of the said receivers.

It was urged in the court below and the chancellor held, that a decree of dissolution having been entered against the Chicago Guaranty Life Fund Society December 19, 1900, the final judgment obtained by appellant in her said suit against it January 15, 1901, was void and of no effect, because rendered after the said Chicago Guaranty Life Fund Society was by decree of court dissolved and thus its existence at an end.   The statute of this state under which the said Chicago Guaranty Life Fund Society was organized provides:

" Insurance companies whose charters expire by their

own limitation or become forfeited by non-user or are dissolved by decree of court or otherwise, shall nevertheless be continued bodies corporate for the term of two years after such expiration, forfeiture or dissolution, for the purpose of prosecuting and defending suits by or against them and enabling them gradually to close their concerns, to dispose of and convey their property and divide their capital stock and assets, but not for the purpose of continuing the business for which they were organized." Par. 271 (4), Chap. 73, Insurance; 2 S. & C. Ann. Stat., 2d Ed., page 2285.

Paragraph 12 of chapter 32 of the statutes of this state concerning corporations is as follows:

"The dissolution, for any cause whatever, of any corporation created as aforesaid shall not take away or impair any remedy given against such corporation, its stockholders or officers, for any liabilities incurred previous to its dissolution."

The final judgment obtained by appellant was rendered by a court of superior and general jurisdiction, to which judgment, full faith and credit must be given in this state. The present proceeding of appellant is in the nature of a suit upon such judgment. Upon the hearing of such suit, appellees called the attention of the Superior Court to the fact of the decree of dissolution, civil death it was claimed, of the defendant in said judgment about one month prior to the rendition of appellant's judgment. An examination of the statute discloses that the decree of dissolution entered against the Chicago Guaranty Fund Life Society, did not completely terminate its existence, but that it continued to be a living entity, a body corporate for the term of two years after said decree, for the purpose of prosecuting and defending suits and enabling it gradually to close up its business.

The judgment obtained by appellant, having been rendered within said two years, was and is, under the statutes of this state, a valid and binding judgment. Appellant did not by virtue of her judgment obtain a lien upon or preference in regard to the fund deposited with and now in the possession of the Royal Trust Company.

Such fund was created, not for her benefit, but for the purpose of indemnifying the Fidelity & Deposit Company of Maryland as a surety upon certain bonds, among others, upon an appeal bond given in an appeal taken from a judgment obtained by appellant, but the judgment in which said appeal bond was given and upon which the Fidelity & Deposit Company of Maryland was a surety, was reversed. By such reversal the Chicago Guaranty Life Fund Society became entitled to receive said fund, so far as that fund had been held for the purpose of indemnifying the Deposit Company for signing an appeal bond given upon appeal from appellant's judgment. Neither at the time when the judgment now held by appellant was obtained, nor since, has there been any fund in the hands of the Royal Trust Company, held, in any way or wise, specially, for the benefit of appellant or to protect her judgment or the Fidelity & Deposit Company of Maryland, as a surety upon the judgment obtained by her, January 15, 1901.

The order of the Superior Court holding said judgment of appellant rendered January 15, 1901, invalid, is reversed. The order of the Superior Court declaring that the sum of $2,800 of the funds of said receivers now held by the Royal Trust Company is not subject to an equitable attachment in behalf of appellant, is affirmed, and the cause remanded for further proceedings not inconsistent with this opinion.