THE CHICAGO TITLE AND TRUST COMPANY, Appellee, *vs.* CORNELIUS J. DOYLE, Secretary of State, Appellant.

*Opinion filed June 18, 1913—Rehearing denied October 16, 1913.*

1. CORPORATIONS—*any consolidation, merger or purchase must have statutory authority.* As a corporation must be created originally by statutory authority, any consolidation, purchase or merger by which one corporation acquires the franchises of another corporation must also have statutory authority.

2. SAME—*the effect of consolidation depends upon the statute authorizing it.* As the whole matter is under the control of the General Assembly, the effect of a consolidation, with respect to the extinction of the constituent corporations and the creation of a

new one, or the continued existence of one or both of the constituent corporations, depends upon the statute under which the consolidation is effected.

3. SAME—*general rule as to the effect of consolidation.* The general rule is that a consolidation effects the dissolution · of the original corporations and brings into existence a new corporation possessed of the property, rights and franchises and burdened with the liabilities of those passing out of existence, and where the General Assembly simply authorizes a consolidation, it must be held to have had such general rule in view and to have intended that it shall apply.

4. SAME—*the General Assembly may authorize continuance of existence of purchasing corporation.* The General Assembly may authorize the merger of one corporation into another and provide for the continuance of the existence of the latter, as where it authorizes the purchase by one corporation of the stock, property and franchises of another; or it may result, as a matter of law, as in case of consolidation of corporations of different States, that each constituent corporation remains in existence in a certain sense and a new corporation is also created.

5. SAME—*effect of consolidation under act of 1885, authorizing railroad companies to purchase others.* Under the act of 1885, authorizing railroad companies to purchase and hold the railway property, corporate rights and franchises of other railroad companies, the purchase of the property, corporate rights and franchises of a railroad corporation merges that corporation into the one with which it is consolidated and no new corporation is created.

6. SAME—*effect of consolidation under the act of 1854.* Where two railroad companies consolidate under the act of 1854 the original corporations become extinct and a new company is formed which succeeds to the ownership of the two constituent companies, together with all the property, effects, rights and franchises held and enjoyed by either of the old companies.

7. SAME—*effect of consolidation of corporations under the act of 1873, as amended in 1889.* There is nothing in the act of 1873, as amended in 1887 and again in 1889, (Laws of 1889, p. 95,) which takes the consolidation thereby authorized out of the general rule, and corporations· consolidating under that act become extinct and a new corporation is created, notwithstanding the consolidation is given the form and language of a merger or purchase. (*Scheidel Coil Co.* v. *Rose,* 242 Ill. 484, followed.)

APPEAL, from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

P. J. LUCEY, Attorney General, and T. E. DEMPCY, for appellant.

LACKNER, BUTZ, VON AMMON & McGREGOR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 21, 1912, the Chicago Title and Trust Company and the Real Estate Title and Trust Company, two corporations of this State organized to carry on the same kind of business in the city of Chicago, entered into an agreement that the Real Estate Title and Trust Company should be consolidated into the Chicago Title and Trust Company, which should retain its corporate name, by-laws, officers, directors, term of existence, corporate organization and its existing capital of $5,000,000, divided into 50,000 shares of the par value of $100 each; that the capital stock of the Real Estate Title and Trust Company of $1,000,000, divided into 10,000 shares of the par value of $100, should be surrendered, canceled and extinguished; that the Chicago Title and Trust Company should take the necessary steps to increase its capital stock to $5,600,000, and should deliver the $600,000 of additional stock for distribution among the stockholders of the Real Estate Title and Trust Company, in the proportion of $60 par value of the stock of the consolidated company for $100 par value of stock of the Real Estate Title and Trust Company to be surrendered, canceled and extinguished, and that the necessary steps should be taken to increase the number of directors of the consolidated company to nineteen or more. On July 29, 1912, meetings of the stockholders of the two corporations were held and the agreement was ratified. The agreement to increase the capital stock and number of directors was carried out, and certificates of the consolidation and the increase of stock and number of directors were pre-

sented on July 31, 1912, to Cornelius J. Doyle, Secretary of State. A fee of $649 was paid to the secretary for the increase of the capital stock alone, but he refused to accept, file or record the certificates without the payment of $5000 additional, claiming that the consolidation created a new corporation and that he was entitled to fees on its capital stock. The $5000 was paid under protest and a receipt was given, which contemplated a suit for an injunction to test the right of the State to the fee. The consolidated corporation, the Chicago Title and Trust Company, thereupon filed its bill in this case in the circuit court of Sangamon county against Cornelius J. Doyle, individually and as Secretary of State, praying for an injunction restraining him from paying over said sum of $5000 to the State Treasurer. The defendant demurred to the bill, and it was stipulated that if the effect of the consolidation was not to form a new corporation but merely to continue the original Chicago Title and Trust Company as a corporation with increased capital stock, the plaintiff was entitled to the relief prayed for, but if a new corporation was created it was not so entitled. The chancellor overruled the demurrer, and the defendant electing to stand by it, a decree was entered in accordance with the prayer of the bill and commanding the defendant to re-pay to the plaintiff said sum of money.

Corporations are creations of the General Assembly, which grants to them such privileges and endows them with such powers as are deemed for the public good. As a corporation must be created originally by statutory authority, any consolidation, purchase or merger by which it acquires the franchises of another corporation must also have statutory authority. (*Scheidel Coil Co.* v. *Rose,* 242 Ill. 484.) As the whole matter is under the control of the General Assembly, the effect of a consolidation, with respect to the extinction of the constituent corporations and the creation of a new corporation or the continued existence of one or both of the constituent corporations, depends upon the stat-

ute under which the consolidation is effected. The general rule is that the consolidation effects the dissolution of the original corporations and brings into existence a new corporation possessed of the property, rights and franchises and assuming the liabilities of those passing out of existence. (6 Am. & Eng. Ency. of Law,—2d ed.—810; 10 Cyc. 302.) If the General Assembly simply authorizes a consolidation, it must be held to have in view that general rule and intend that it shall apply. It may, however, authorize the merger of one corporation into another and the continuance in existence of the latter, as where it authorizes the purchase by one corporation of the franchises, stock and property of another. It may also result, as a matter of law, from a consolidation, that each of the constituent corporations remains in existence in a certain sense and a new corporation is also created.

Our decisions contain examples of each of these results in cases of consolidations of corporations. In *Racine and Mississippi Railroad Co.* v. *Farmers' Loan and Trust Co.* 49 Ill. 331, where the charter of a railroad company authorized it to consolidate its stock with that of a Wisconsin corporation, it was held that a consolidation did not constitute the constituent corporations one corporation of both States or of either; that the corporation of each State continued the corporation of the State of its creation. In *Ohio and Mississippi Railway Co.* v. *People,* 123 Ill. 467, it was held that on the consummation of the consolidation of railway companies in two or more States, authorized by the laws of the States creating them, a new corporation will be created, having in each State all the powers, rights and franchises which the constituent corporations had in that State, but that it will not have in one State the powers of the constituent corporations in the other State; that in relation to the different States the consolidated corporation will be a separate corporation, governed by the laws of the State as to its property therein; that the constituent corpo-

rations do not necessarily cease to exist although they lie dormant and their property rights, powers and franchises are possessed and exercised by the new consolidated corporation. That decision was to the effect that from a legal standpoint the new consolidated corporation remains a distinct corporation in each State from which the corporate existence of the constituent corporations springs. This decision was reached on account of the territorial jurisdiction of the several States and a want of jurisdiction beyond the boundaries of the State.

There is another class of cases relied upon to sustain the decree in this case, and they are cases where a statute authorized a corporation to purchase and own the assets, stock and franchises of another corporation. One of them is *Chicago, Santa Fe and California Railway Co.* v. *Ashling,* 160 Ill. 373. The consolidation in that case took place under the act of June 30, 1885, (Laws of 1885, p. 229,) by which all railroad companies of this State were authorized and empowered to purchase and hold, in fee simple or otherwise, and to use and enjoy, the railway property, corporate rights and franchises of another company or other companies owning railroads with which they connected. The Chicago, Santa Fe and California Railway Company purchased the property, stock and franchises of the Chicago and St. Louis Railway Company and issued its stock, dollar for dollar, in exchange for the stock of the St. Louis company. It was contended that the transaction was a purchase and not a consolidation; but the court said there was no magic in words, and calling a transaction a purchase and sale would not prevent it from being a consolidation; that the St. Louis company was left without property, corporate rights, franchises or stockholders; that it was a consolidation, but the purchasing company continued in existence with enlarged powers, franchises and property rights. The court stated the general rule that a new corporation is created by consolidation, but said that the rule was subject to exceptions,

depending upon the statute, and in that case the statute very clearly contemplated the continued existence of the purchasing company. The same condition existed in the case of *Chicago and Eastern Illinois Railroad Co.* v. *Doyle,* 256 Ill. 514, where there was a consolidation under the same statute of 1885 authorizing the purchase. Under such a statute the purchase of the property, corporate rights and franchises of a corporation merges that corporation into the one with which it is consolidated and no new corporation is created.

The remaining cases arose under statutes which provided for the consolidation of corporations. The act of February 28, 1854, authorized and empowered railroad companies and plank road companies to consolidate their property and stock with each other whenever their roads intersected by continuous lines, and to consolidate with companies out of the State whenever their lines connected with the lines of such companies. It was held that where two railroad companies consolidated under that statute, the original corporations became extinct and the new company formed succeeded to the ownership of the two roads, together with all property, effects, rights and franchises held and enjoyed by either of the old companies. (*People* v. *Louisville and Nashville Railroad Co.* 120 Ill. 48.) The consolidation in the case of *Scheidel Coil Co.* v. *Rose, supra,* was effected under the act in force March 26, 1873, as amended in 1887 and again in 1889, (Laws of 1889, p. 95,) which simply provides for the consolidation of corporations. Neither in the title nor body of the act is there anything which would take a consolidation under it out of the ordinary and general rule that the constituent corporations cease to exist and a new one is created. That statute contains no authority for the merger of one corporation into another or for the purchase of the property, stock or franchises of one corporation by another, and it was held that a new corporation was created. The consolidation in this case was under the same act and necessarily our conclusion must be

the same. The fact that the corporations in this case gave to their consolidation the form and language of a merger cannot affect the question in any manner. The corporations could not control the statute but the statute controlled them, and effect must be given to the consolidation according to the legislative intent. The question of the effect of the consolidation must be answered by a consideration of the terms of the statute under which the consolidation took place and not what the parties resolved or did not resolve as to such effect. The consolidation put an end to the existence of the original corporations and a new one was formed with a capital stock of $5,600,000. The secretary did right to demand the whole amount paid and the chancellor erred in not sustaining the demurrer.

The decree is reversed and the bill dismissed.

*Decree reversed and bill dismissed.*