THE CHICAGO TITLE AND TRUST COMPANY, Appellee, *vs.* JOSEPH ZINSER *et al.* Appellants.

*Opinion filed June 16, 1914.*

1. CORPORATIONS—*when effect of consolidation is to create new corporation.* Every consolidation, purchase or merger of corporations must have statutory authority, and where the statute merely provides for the consolidation of domestic corporations, the original corporations, as such, cease to exist and a new corporation is created, with all the property, effects, rights and franchises held and enjoyed by either of the old corporations.

2. SAME—*rule that authority of a trustee cannot be delegated does not apply to corporation trustee.* The rule that the authority of a trustee in matters involving the exercise of discretion and judgment cannot be delegated by the trustee or by the courts rests upon the ground that the selection of a trustee implies personal confidence in his discretion and judgment, but the rule cannot be applied to a corporation trustee, as the element of confidence in the judgment and discretion of an individual is wanting.

3. SAME—*when consolidated corporation is entitled to execute trust.* Where the trust corporation designated as trustee by a will is consolidated with another domestic corporation having the same character of powers, under the name of the latter, after the will was made but before the death of the testatrix, the new corporation formed by such consolidation has power to execute the trust.

APPEAL from the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding.

PERCIVAL STEELE, for appellants.

WILSON, MOORE & MCILVAINE, (N. G. MOORE, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, the Chicago Title and Trust Company, commenced this suit by filing its bill in the superior court of Cook county against the appellants, Joseph Zinser and Mary Zinser, to compel the specific performance by the appellants of a contract made by it, as executor of the last will and testament of Etta Nelson, deceased, with the appellants for the sale to them of a lot in Chicago, known as 406 South Campbell avenue. The chancellor overruled a demurrer to the bill, and the appellants standing by their demurrer and refusing to answer further, a decree was entered in accordance with the bill. An appeal to this court was allowed and perfected.

The facts alleged in the bill and admitted by the demurrer are as follows: Etta Nelson, who was the owner in fee of the lot in question, died on May 14, 1913, and by her will nominated the Real Estate Title and Trust Company of Chicago as executor, and authorized it to sell and convey, as executor, the real estate of which she died seized. When the will was made, on May 31, 1912, the Real Estate Title and Trust Company and the Chicago Title and Trust Company were two corporations organized under the laws of this State, each having authority to accept and execute trusts and to be appointed assignee or trustee by deed and executor, guardian and trustee by will, and each had complied with all laws governing corporations organized for such purposes. After the making of the will, and before the death of Etta Nelson, the two corporations were consolidated into one, under the name of Chicago Title and Trust Company, by virtue of the statute authorizing such consolidation. The will was admitted to probate and letters testamentary were issued to the com-

plainant, the Chicago Title and Trust Company, the corporation created by the consolidation. On January 19, 1914, the complainant, as executor of said will, entered into an agreement in writing with the defendants, Mary Zinser and Joseph Zinser, by which it agreed to sell said lot to the defendants for $950 and to convey the same to them by executor's deed, and the defendants agreed to purchase the lot for said sum and paid $10 earnest money. The complainant was to furnish an abstract of title and the defendants to have five days to examine it, and if they failed to perform the contract they were to forfeit the $10 as liquidated damages. No tender of a deed was to be required, but a notice addressed to 406 South Campbell avenue, deposited in the post-office, postage prepaid, that the deed was ready for delivery, was to have the force and effect of a tender. An abstract of title was furnished, and on January 30, 1914, the defendants delivered to the complainant a full and carefully prepared statement designed to raise the question whether the complainant was entitled to act as executor or trustee in cases where the Real Estate Title and Trust Company had been nominated for that purpose. The defendants therein stated that they did not raise any question of the sufficiency of the title except upon the point above mentioned and had no criticism to make of the form of deed which had been tendered to them, but declined to accept the deed or pay the money provided by the contract until a deed should be made, executed and tendered by some person or corporation having power to act under the will. The bill was filed on February 11, 1914, and set out at length the proceedings for the consolidation of the two corporations as well as the above stated facts.

In the case of *Chicago Title and Trust Co.* v. *Doyle,* 259 Ill. 489, the appellee contended that the Real Estate Title and Trust Company, which was nominated as executor of the will of Etta Nelson, had been merged into and absorbed by the original Chicago Title and Trust Company,

264 — 3

which remained in existence and continued its former corporate life without dissolution or interruption, leaving the Real Estate Title and Trust Company without property, stock, stockholders or franchises. The corporations had attempted to give to the consolidation the form of a merger of the Real Estate Title and Trust Company into the Chicago Title and Trust Company, but it was held that the transaction was governed and controlled by the statute, which did not authorize a merger, and that there was, in fact, a consolidation. The foundation rule declared was, that either consolidation, purchase or merger of corporations must have statutory authority. Under that rule it had been decided that the General Assembly may authorize the merger of one corporation into another and the continued existence of the latter, and had done so in the case of railroad corporations by authorizing the purchase by one corporation of the franchises, stock and property of another; (*Chicago and Eastern Illinois Railroad Co.* v. *Doyle,* 256 Ill. 514;) that in case of a consolidation it may result as a matter of law, on account of the territorial jurisdiction of the several States; that each of the constituent corporations remains in existence in a certain sense and a new corporation is created, as in the case of inter-State corporations, (*Racine and Mississippi Railroad Co.* v. *Farmers' Loan and Trust Co.* 49 Ill. 331; *Ohio and Mississippi Railway Co.* v. *People,* 123 id. 467;) but that in the case of a statute which simply provides for the consolidation of domestic corporations, the original corporations, as such, cease to exist and a new corporation is created with all the property, effects, rights and franchises held and enjoyed by either of the old corporations. (*Scheidel Coil Co.* v. *Rose,* 242 Ill. 484.) Manifestly, the question here involved is not the same as the one that would have arisen if the claim of the appellee in the former case had been upheld, and what is here said is not to be understood as intimating any opinion concerning the effect of

the purchase by one corporation of the property, stock and franchises of another, or the merger of one corporation into another or the absorption by one of the other, upon the question whether the corporation purchased, merged or absorbed, and left without property, stock, stockholders or franchises, has any further existence, or whether a purchase, merger or absorption carries with it the right to act as executor or trustee.

By the consolidation of the Real Estate Title and Trust Company and the Chicago Title and Trust Company the original corporations ceased to exist, and the appellee, as the consolidated corporation, acquired and succeeded to all the faculties, property, rights and franchises of its component parts and became subject to all the duties, obligations and conditions imposed upon them. (*Robertson* v. *City of Rockford,* 21 Ill. 451; *Chicago, Rock Island and Pacific Railroad Co.* v. *Moffitt,* 75 id. 524.) The material question here is whether the general rule that a trustee cannot delegate his authority to another is an obstacle to the exercise of a power by the appellee to act as executor or trustee where one of the constituent corporations was named as such. That general rule rests upon the ground that the selection of a trustee implies personal confidence in his discretion and judgment. If a power is given to an executor or trustee which is not ministerial or given for the purpose of executing a declared trust which the court can enforce but which involves the exercise of discretion and judgment, the power cannot be delegated or transferred to another, either by the trustee or a court. The rule, however, cannot be applied to the case of a corporation, because the element of trust in the judgment and discretion of an individual is entirely wanting. A corporation is without personality, and if it is selected as trustee or executor there can be no reliance upon individual discretion or even upon the continuance of the same administration. Etta Nelson, in naming the Real Estate Title and Trust Company as executor

and trustee, knew that its directors, officers and stockholders might change from time to time, and that the statute authorized a change of name or place of business, enlargement or change of the object for which the corporation was formed, an increase or decrease of capital stock or change in the number of shares or par value, increase or decrease of the number of directors, and the consolidation of the corporation with any other corporation then existing or that might thereafter be organized. She therefore contemplated that these changes might occur and that the Real Estate Title and Trust Company might be consolidated with some other corporation such as the Chicago Title and Trust Company, and that it would thereby cease to exist and become a component part of a new corporation. A consolidation took place and a new corporation was created from the original corporations, with an enlarged capital stock and unimpaired franchises. The appellee was entitled to execute the trust, and the chancellor did not err in overruling the demurrer.

The decree is affirmed.                    *Decree affirmed.*