**American Bonding and Casualty Company v. Chicago Bonding and Insurance Company et al.**
**On appeal of W. F. Grandy, Receiver, Appellant, v. George A. Barr, Director of Department of Trade and Commerce et al., Appellees.**

### Gen. No. 27,580.

1. CORPORATIONS—*consolidation of surety companies as affecting constituent companies.* An interstate consolidation of surety companies creates a new corporation but under the provisions of the Illinois Act for the organization of surety companies, Cahill's Ill. St. ch. 32, ¶ 333, incorporating therein the provisions of the General Corporation Law and the Dissolution Act, and under the provisions of the acts relating to consolidations of insurance companies and the dissolution of such companies, which provide that upon forfeiture of a corporate charter for nonuser the corporate capacity is continued for two years for purposes of liquidation, the Illinois constituent of such consolidation is not extinguished, but its corporate capacity is continued for two years for purposes of liquidation, and its assets are to be applied to the payment of obligations and liabilities outstanding against it at the time of consolidation.

2. CORPORATIONS—*title to capital stock deposit of surety company as affected by consolidation of companies.* The deposit of securities required to be made by a surety company, organized under the

Illinois law, with the State insurance department is made for the purpose of protecting policyholders in such company and its creditors generally, and upon consolidation of an Illinois company with a surety company of another State, the title to such capital stock deposit does not pass to the consolidated company but remains vested in the Illinois constituent for a period of two years after forfeiture of the Illinois charter for nonuser, and is applicable to the payment of the debts of the Illinois company only and not to those of the consolidated company, which latter company acquires no title to such fund but only to the residuum thereof after payment of the outstanding obligations of the Illinois company.

3. CORPORATIONS—*rights of domiciliary receiver of insolvent consolidated corporation as to assets of constituent corporations.* Where an Illinois surety company consolidates with an Iowa surety company and the principal place of business of the consolidated company is in Iowa, a receiver for such consolidated company appointed in the latter State is the domiciliary receiver, and he alone has power to wind up the affairs of such consolidated company and administer its assets, but neither such domiciliary nor an ancillary receiver appointed in Illinois for such consolidated company has any right by reason thereof to receive and administer the capital stock deposit made by the local constituent of such consolidation prior to the consolidation, such fund being vested in the receiver of the local company only.

4. CORPORATIONS—*right as between receiver of consolidated and constituent companies to assets of latter.* Where an Illinois surety company consolidated with one of another State, and both the constituent and consolidated companies have become insolvent and receivers have been appointed therefor, the receiver of the Illinois company is entitled to receive and administer the capital stock deposit of such company, made with the insurance commissioner prior to the consolidation, to the fullest extent necessary for the payment of all creditors of the local company, and the local receiver of the consolidated company is only entitled to receive such portion of the deposit as may be remaining after the payment of all debts and obligations of the local company.

Appeal from the Superior Court of Cook county; the Hon. Charles M. Foell, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed November 8, 1922. Rehearing denied November 21, 1922. *Certiorari* denied by Supreme Court (making opinion final).

Burgess, Gill, Sammis & Boylan, Stebbins, Garey, L'Amoreaux & Hurtubise and Sabath & Sabath, for appellant.

EDWARD J. BRUNDAGE and GEORGE E. DIERSSEN, for appellee George A. Barr.

STANLEY A. ARMSTRONG and CHARLES L. MAKEMSON, for appellee Leonard A. Brundage; EMIL C. WETTEN, of counsel.

FOREMAN, BLUMROSEN, STEELE & SCHULTZ and BATES, HICKS & FOLONIE, for appellee Chicago Title & Trust Co.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from a decree of the superior court of Cook county entered February 4, 1922, which in substance finds that the appellee, Leonard A. Brundage, as receiver, is entitled to the immediate possession of certain securities amounting to $305,334 at their par value, which had been deposited prior to March 2, 1920, with the Department of Trade and Commerce of the State of Illinois by said Chicago Bonding and Insurance Company, an Illinois corporation organized under the statute relating to the organization, management and regulation of surety companies and formerly doing business in Illinois as a surety company.

The record shows that the original bill was filed November 3, 1920, by the American Bonding and Casualty Company, an Iowa corporation, against the Director of the Department of Trade and Commerce of the State of Illinois and said Chicago Bonding and Insurance Company. It alleged its consolidation with said Chicago Bonding and Insurance Company pursuant to the laws of Illinois and those of Iowa relating to an interstate consolidation and that thereafter it had taken possession of all of the property of the constituent companies, with the exception of said deposit with said Department of Trade and Commerce.

With reference to this deposit the bill alleged that the contract of consolidation contained a provision to the effect that all securities of the Chicago Bonding and Insurance Company on deposit with said director shall remain on deposit until otherwise ordered by a court of competent jurisdiction, and the Chicago Bonding and Insurance Company agreed to secure such court order at its expense. The bill prayed that the contract of consolidation be declared valid, binding and effective; that the said Chicago Bonding and Insurance Company be found to have become extinct as a corporate entity upon its consolidation with complainant, an Iowa corporation, and that complainant be declared entitled to the immediate possession, custody and control of the securities mentioned as a part of its capital stock and reserve funds and that the said director be ordered and directed to deliver to complainant said securities. It thus appears that the purpose of the original bill was to secure an order by a court of competent jurisdiction for the surrender to complainant of the securities deposited as aforesaid.

Contemporaneously with the filing of the bill, the Director of the Department of Trade and Commerce of the State of Illinois filed his answer and a cross-bill admitting the material allegations of the bill as to the consolidation of the companies and the deposit in question and alleging that the Chicago Bonding and Insurance Company, which will be hereafter designated as the Illinois Company, has no other property or assets in the State except said deposit; that it has outstanding various debts and contracts of suretyship; that by virtue of certain Illinois statutes, it has become the duty of the director to hold the securities for the benefit of the creditors and holders of the obligations and contracts of the Illinois Company; that by virtue of the laws of Illinois relating to the dissolution of insurance companies, the Illinois Company, although consolidated and merged into the American

Bonding and Casualty Company, which is designated as the Consolidated Company, and thereby annulled as a corporate entity for the purpose of transacting its general business, is nevertheless continued as a body corporate under the laws of Illinois for two years after the date of consolidation for the purpose of settling claims against it and disposing of its outstanding contracts and obligations.

The cross-bill prayed that a receiver be appointed for the Illinois Company, including the securities held by the Director of the Department of Trade and Commerce, with full and complete power to settle all claims and do all things necessary and proper to wind up the affairs of the corporation. On the same day Leonard A. Brundage was appointed receiver for the Illinois Company. Subsequently the appellee, George A. Barr, became Director of the Department of Trade and Commerce and was made an additional party defendant. He then filed his cross-bill containing substantially the same allegations as that of his predecessor, with the additional charge that since the appointment of the receiver herein, the Consolidated Company has become insolvent and ceased doing business and that a receiver had been appointed for its assets.

On September 12, 1921, the appellee, the Chicago Title & Trust Company, as receiver in Illinois, contemporaneously with the filing of its answer to the cross-bill of Director Barr, filed its intervening petition, alleging its appointment as receiver for the Consolidated Company within the State of Illinois on February 15, 1921, in a suit instituted January 15, 1921, in the superior court of Cook county, being case number 362,423, entitled *Stoecker v. American Bonding and Casualty Company,* which has been consolidated with the present case, and its acceptance of the appointment. The prayer of this intervening petition is, in substance, that the securities in question may be

ordered to be delivered to the petitioner and held by it to be applied in the payment of the expense of liquidation and of all such claims as the court may determine shall be entitled to resort to the securities, and to the settlement of outstanding contracts of either of the constituent corporations so far as the court shall determine that the deposited funds are applicable thereto. It charged that the American Bonding and Casualty Company is not a consolidation of that company and the Illinois Company only, but that it has also acquired other insurance companies by merger and intermingled their assets with its own.

On November 4, 1921, appellant W. F. Grandy, as receiver of the Consolidated Company by appointment of the district court of Woodbury county, Iowa, was substituted as complainant in the case and filed his amended and supplemental bill, in which he alleged his appointment by the said Iowa court as receiver for the Consolidated Company on February 26, 1921. The bill alleged the substance of the original bill as above stated, admitted the truth of its allegations, set forth the prior pleadings in the case, which have been noted, and the appointment of Leonard A. Brundage as receiver. We do not deem it necessary to review the allegations of the amended and supplemental bill in detail for the reason that the findings of fact contained in the decree are undisputed and comprehensive, covering all facts upon which the appellant Grandy relies. The bill prayed, in substance, that Leonard A. Brundage be required to file his final report as receiver; that the Chicago Title & Trust Company, as receiver, be decreed to have no right to the possession of the capital stock deposit; that complainant be appointed ancillary receiver for the Consolidated Company in lieu of Leonard A. Brundage and the Chicago Title & Trust Company; that the Director of the Department of Trade and Commerce be ordered to turn over to complainant, as ancillary receiver, the

said capital stock deposit; that the capital stock deposit and other property be ordered and directed to be sent by complainant as ancillary receiver to himself as receiver by appointment of the Iowa court, to be administered under the order and direction of that court.

The final decree, entered February 4, 1922, from which this appeal has been prosecuted, finds, in substance, that there was a valid interstate statutory consolidation of the two companies above mentioned, which became effective March 2, 1920; that immediately thereafter the Consolidated Company took possession of all of the property (except said capital stock deposit) and records of the Illinois Company and removed the same to Sioux City, Iowa, which was its place of business, where it continuously transacted business up to January 24, 1921, and paid, in due course of business, certain obligations which had been assumed by it under the contract of consolidation; that a large number, but not all, of the holders of the bonds, policies and contracts of the Illinois Company have recognized the Consolidated Company as their obligor; that the Illinois Company had on deposit with the Director of the Department of Trade and Commerce securities of the par value of $305,334, which deposit was made pursuant to the provisions of the Illinois Surety Act; that said Grandy was duly appointed receiver of the Consolidated Company on February 26, 1921, by the district court of Woodbury county, Iowa, and authorized by said court to appear in this cause; that the Consolidated Company is hopelessly insolvent and has conveyed all of its property to complainant Grandy as receiver; that the individual creditors of the Consolidated Company who are citizens of the United States have the constitutional right, under article IV, section 2, of the Federal Constitution, to an equal and ratable distribution of all the assets of said estate, among all of the unsecured

creditors thereof who are citizens of the several states of the United States; that the claims against the Consolidated Company, including those against both constituent companies, aggregate $3,900,000; that the Government of the United States has claims aggregating $1,500,000, for which it demands payment in full under the Revised Statutes of the United States; that exclusive of the claim of the Federal Government, the total number of claims against both constituent companies is in excess of 30,000 in number held by citizens of the United States residing in seventeen different states of the United States; that the total value of the assets of the Consolidated Company, including the capital stock deposit, does not exceed $1,500,000. It recites the appointment of George A. Barr as director aforesaid, the appointment of the Chicago Title & Trust Company as receiver for the assets of the Consolidated Company in Illinois on February 15, 1921; that at the time of the consolidation there were unpaid judgments of record and many claims pending against the Illinois Company, which had forfeited its right to continue to do insurance business by entering into the consolidation, but was not dissolved and did not become extinct as a legal entity under the laws of Illinois by reason of having entered into the consolidation, but retained its corporate existence for the purpose of winding up its affairs; that the capital stock deposit of the Illinois Company has been and now is a trust fund held by the Director of the Department of Trade and Commerce for the benefit of creditors and obligees of the Illinois Company; that the title to and right of possession of said trust fund did not pass to the Consolidated Company by virtue of the contract of consolidation or otherwise; that the creditors of the Illinois Company who were such at the time of the consolidation are entitled to have their claims paid out of said fund before said deposit or any part thereof is turned over to the Consolidated

Company or its receiver, and should have an opportunity of presenting their claims to the courts of Illinois and having the same paid out of the capital stock deposit; that the only interest of certain defendants (naming them) is that they claim to be creditors and the court expressly reserved the right to adjudicate their claims hereafter; that the Chicago Title & Trust Company as receiver has no right to the possession, control or administration of the capital stock deposit until the claims of the creditors of the Illinois Company have been paid, after which the remainder shall be set over and delivered to the Chicago Title & Trust Company as receiver in Illinois of the assets of the Consolidated Company. The decree denied the prayer of the amended and supplemental bill and directed that George A. Barr, director as aforesaid, be ordered and directed to turn over to Leonard A. Brundage, receiver, the capital stock deposit and all increments thereof upon demand, and that the Chicago Bonding and Insurance Company be, and the same is hereby dissolved as and from the date of this decree, and said company, its officers, representatives and agents are ordered to immediately deliver to Leonard A. Brundage, as receiver, all of the assets, effects and records of the company pertaining to its business.

On behalf of appellant W. F. Grandy, it is contended that the court erred in substantially all of its legal conclusions and orders as set forth in the final decree above mentioned. The appellant Chicago Title & Trust Company contends that the decree should be affirmed except in one particular, namely, that the court should order the entire deposit to be delivered to it instead of a residuum only, as the decree ordered.

It is undisputed that the American Bonding and Casualty Company (the Iowa Company) and the Chicago Bonding and Insurance Company (the Illinois Company) were duly consolidated and that such consolidation became effective March 2, 1920. Under such

circumstances a new · corporation was created, which succeeded to all the property rights, privileges and franchises of the two constituent companies. *Scheidel Coil Co. v. Rose*, 242 Ill. 484; *Chicago Title & Trust Co. v. Doyle*, 259 Ill. 489; *Chicago Title & Trust Co. v. Zinser*, 264 Ill. 31. This general rule as to the effect of such a consolidation is subject to the modification that the newly created conditions must conform to the intent of the parties as expressed in the agreement for consolidation, in the light of the statutes affecting the contracting parties. *Chicago & E. I. R. Co. v. Doyle*, 256 Ill. 514. The charter powers of a corporation do not consist of the articles of association alone, but the provisions of such articles must be construed in connection with the law under which the organization takes place. The provisions of the law enter into and form a part of the corporate charter. *People v. Chicago Gas Trust Co.*, 130 Ill. 268. The powers, rights and privileges of the Consolidated Company must be determined by the provisions of both the consolidation agreement and the statutes applicable to the situation.

In the present case the consolidation agreement expressly provided, in substance, that all securities of the Chicago Bonding and Insurance Company on deposit with the Director of the Department of Trade and Commerce of the State of Illinois should remain on deposit until otherwise ordered by "a court of competent jurisdiction" and that the Chicago Bonding and Insurance Company had agreed to secure such court order and to pay the necessary expenses incidental thereto, thereby indicating the intention of the contracting parties that the capital stock deposit should not pass to the Consolidated Company except upon fulfillment of the condition indicated. An attempt was made to comply with this condition by filing the original bill herein, praying that the Director of the Department of Trade and Commerce be ordered to

deliver to the Consolidated Company the securities deposited with him, but before any conclusion was reached the director filed his cross-bill alleging the insolvency of the Consolidated Company and the constituent corporations, which is undisputed, and praying for an order providing for the liquidation of claims against the Illinois Company and for the delivery to the receiver of the securities deposited and their application to the payment of such claims as shall be found just, including the settlement of outstanding contracts of the Illinois Company. Substantially the same prayer was contained in the cross-bill filed by George A. Barr, the successor in office of William H. Boys, who had been made a defendant to the original bill and under whose cross-bill Leonard A. Brundage had been appointed receiver and duly authorized by the appointing order to administer the deposit in conformity with the statutes governing the same.

The statute of this State providing for the organization, management and regulation of surety companies provides, in substance, with reference to such deposit, that every such corporation before commencing business shall deposit with the Insurance Superintendent in trust for the special and sole benefit and security of all of its creditors and holders of its obligations, contracts of suretyship, guaranty and indemnity, not less than $100,000 of its capital in certain approved securities, all of which will be subject to sale and to the disposal of the proceeds by the Insurance Superintendent, only in pursuance of the order or decree of a "court of competent jurisdiction" in a suit or proceeding to which the corporation shall be a party. Cahill's Ill. St. ch. 32, ¶ 325. The same statute provides (¶ 332) for the proof of claims in case the corporation shall have ceased doing business, and in paragraph 333, that all corporations formed under the act shall be subject to all laws of this State governing

corporations for pecuniary profit, mentioning specifically the Corporation Act and the act relating to the dissolution of insurance companies. By virtue of these provisions the General Corporation Law and the Dissolution Act were in effect made a part of the act and must be considered in determining the effect of the consolidation. The Department of Trade and Commerce is authorized by law to exercise the rights, powers and duties vested in the Insurance Superintendent. Cahill's Ill. St. ch. 24a, ¶ 57.

The act relating to the consolidation of insurance companies, associations and societies (Cahill's Ill. St. ch. 73, ¶ 27) authorizes a consolidation with a nonresident company, and in paragraph 28 provides that nothing therein contained shall be construed to enlarge the charter powers of any insurance company, and in paragraph 39, that no action or proceeding pending at the time of the consolidation to which either of the consolidating companies may be a party shall be discontinued by reason of such consolidation.

The act of this State relating to the dissolution of insurance companies provides, in case of the insolvency of such company, for the liquidation of its affairs through judicial proceedings; that when such corporation has ceased doing business for a period of one year, its charter shall be deemed and held extinct in all respects, but that in all cases where the charter of such company has become forfeited by nonuser, the corporation shall nevertheless be continued as a body corporate for the term of two years after such forfeiture, for the purpose of enabling the corporation to close up its affairs, but not for the purpose of continuing the business for which it was incorporated. Cahill's Ill. St. ch. 73, ¶¶ 97, 99 and 100. The General Corporation Act contains a similar provision to the effect that all corporations whose powers have expired shall continue in their corporate capacity for two years for the purpose only of liquidating their affairs. Cahill's Ill. St. ch. 32, ¶ 14.

It was said in *Chicago Title & Trust Co. v. Doyle,* 259 Ill. 489, cited by appellant Grandy, that effect must be given to the consolidation according to the legislative intent and must be determined by a consideration of the terms of the statute under which the consolidation took place. Under the act relating to the organization, management and regulation of surety companies, the provisions contained in paragraph 333 above mentioned, by reference, made those provisions of the General Corporation Act and all of the provisions of the Dissolution Act above noted a part of the Organization Act, it being a method of legislation which has been frequently followed and held to be free from constitutional objections. *Evans v. Illinois Surety Co.,* 298 Ill. 101.

We therefore conclude that while the consolidation of these companies was complete and became effective March 2, 1920, and a new organization was thereby created, yet the Chicago Bonding and Insurance Company, one of the constituents of the new corporation, was continued in its corporate capacity for a period of two years for the purpose of liquidating such claims against it as were outstanding at the time of the consolidation, wherein the claimants have not accepted the obligation of the new corporation. The result of a consolidation may be that each of the constituent corporations remains in existence and a new corporation is also created. *Chicago Title & Trust Co. v. Doyle,* 259 Ill. 489. It was not the legislative intent that by means of a consolidation the Illinois Company should diminish its responsibilities or liabilities or its creditors be deprived of such security as the law had already provided. *Chicago, S. F. & C. Ry. Co. v. Ashling,* 160 Ill. 373. The assumption by the Consolidated Company of the debts of the Illinois Company, while doubtless a convenient arrangement, does not compel either a debtor to accept a new creditor with whom he did not contract or a creditor to accept a new debtor

in place of the one with whom he had his previous dealings. This could not be done without impairing the obligation of contracts. *Compton v. Wabash, St. L. & P. Ry. Co.*, 45 Ohio St. 592. As shown by the act under which the corporation was organized, the object of the capital stock deposit was the protection of policyholders and not the creation of a fund to be transferred to another party under a consolidation agreement which the business necessities of the depositing company may have rendered advisable. To give such an effect to the consolidation agreement would nullify legislative provisions designed for the protection of persons doing business with the company. The deposit constituted a trust fund for the special and sole benefit and security of the creditors of the depositing company and the holders of its obligations and contracts. The Director of Trade and Commerce is the official successor of the Insurance Superintendent and is charged with the duties of administering the trust in accordance with the requirements of the statute.

In *Evans v. Illinois Surety Co., supra,* it was expressly held that contracts of consolidation between insurance companies do not in fact dissolve such companies organized under the laws of this State and do not completely terminate their existence, but that such an insurance company continues to be a body corporate for a term of two years, for the purpose of liquidating its affairs, after it ceases doing business. The receiver represents the company and is the agent of the court for the purpose of administering the assets of the constituent company, which in this case was the capital stock deposit only, and making distribution thereof among its creditors and the holders of its obligations. To hold otherwise would be saying, in effect, that the Consolidated Company acquired different and greater rights in the capital stock deposit than the constituent company. This follows

from the fact that under the statute the constituent company could not have withdrawn its deposit without full compliance with the statutes, which indicate that the consolidation agreement did not completely terminate the existence of the Illinois Company, but that said company continued to be a corporate entity for a term of two years for the purpose of liquidating its affairs. *Malicki v. Bulkley,* 107 Ill. App. 595. The fact that the capital stock deposit was made for the benefit and security of all the creditors of the Illinois Company cannot be made, by the consolidation of the two companies, a deposit to secure all of the creditors of the Consolidated Company. Such a construction would be wholly contrary to the statutes which have been cited.

It is contended by the appellant Grandy that the Iowa receivership is the domiciliary receivership and alone has power to wind up the affairs of the corporation. This is doubtless true, but the title to the capital stock deposit remained in the Illinois Company by virtue of the statutes mentioned and the consolidation agreement. That company is hopelessly insolvent and consequently its deposit must be used for the protection of its creditors and not those of the Iowa corporation. The title to the capital stock deposit never passed to the Consolidated Company and consequently the receiver of that company has no power to distribute it ratably among the creditors of the Consolidated Company. It is true that the creditors of the Consolidated Company who are citizens of the several states have a right under the federal constitution to an equal and ratable division of all of the assets of the company, as contended by appellant, but as already shown, this proposition has no bearing upon the controversy, owing to the fact that the Consolidated Company never acquired title to the capital stock deposit, and its creditors are not entitled to share in any distribution thereof.

American B. & C. Co. v. Chicago B. & Ins. Co. et al., 226 Ill. App. 475.

The Chicago Title & Trust Company was appointed receiver of the assets in Illinois of the Consolidated Company, which, so far as the record shows, consisted solely of its claim to the capital stock deposit made by the Illinois Company. It is urged on behalf of the Chicago Title & Trust Company that it is against the policy of our laws to remit the Illinois creditors of the Consolidated Company to such rights as may be granted by a foreign court. The mere fact that there is a receiver in another State does not render improper the appointment of a receiver here. *People v. Continental Beneficial Ass'n,* 289 Ill. 40; *Illinois Trust & Savings Bank v. Northern Bank & Trust Co.,* 292 Ill. 11. This is also the well-settled rule in Iowa, where it is held that the claim of a foreign receiver to the funds of a corporation found in that State will not be recognized even by way of comity if the result would be to relegate the Iowa creditors of the corporation to the relief to which they would be entitled in a foreign jurisdiction, when there are funds of the corporation in Iowa from which such claims might be satisfied. *Shloss v. Metropolitan Surety Co.,* 149 Iowa 382, citing numerous cases.

These authorities furnish an additional reason why the funds in question should not be delivered to the Iowa receiver, but should be distributed by a receiver appointed in this State. They fail to show any right on the part of the Chicago Title & Trust Company as receiver in Illinois of the assets of the Consolidated Company as against the right of Leonard A. Brundage, the receiver appointed in this State to distribute the funds pursuant to the statute of this State, among the creditors of the Illinois Company existing at the time of the consolidation who have not accepted the Consolidated Company as their debtor in place of the Illinois Company. As the Consolidated Company never became entitled to the deposit in question, the decree properly ordered that the receiver of the as-

sets of the company in Illinois was entitled only to that portion of the deposit remaining after the payment of such claims as may be allowed against the Illinois Company. It is unnecessary to review in detail the many authorities cited by appellant Grandy against the claim of the Chicago Title & Trust Company, as his contention in that respect is sustained.

The decree of the superior court correctly disposed of the claims of the three rival receivers and is therefore affirmed.

*Affirmed.*

BARNES, P. J., and GRIDLEY, J., concur.