**William L. O'Connell (Now Charles H. Albers), Receiver of the State Bank of Orangeville, Appellant, v. John Babler et al., Appellees.**

**Gen. No. 9,503.**

October term, 1939. Heard in this court at the Opinion filed January 25, 1940.

NACK & NACK, of Galena, and DIXON, DEVINE, BRACKEN & DIXON, of Dixon, for appellant; LOUIS A. NACK and J. C. RYAN, of Dixon, of counsel.

DAVID M. BURRELL and ASCHER & ELLIS, both of Freeport, for appellees.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

On May 7, 1936, this complaint was filed in the circuit court of Stephenson county and as subsequently amended alleged among other things that the plaintiff is the receiver of the State Bank of Orangeville and as such receiver a creditor of the Orangeville State Bank and that he brings this suit in his own behalf and' on behalf of all other creditors of the Orangeville State Bank who may choose to join. The complaint as amended then alleged that in December, 1924, the Peoples State Bank of Orangeville and the Orangeville State Bank were qualified banking corporations doing a general banking business in Orangeville. That in January, 1925, the stockholders of the Orangeville State Bank at a legally called special stockholders' meeting passed resolutions providing for the liquidation of the Orangeville State Bank in the manner permitted by the State banking department and the organization of a new bank to assume the liabilities of the Orangeville State Bank provided the Peoples State Bank would pass similar resolutions. That at this meeting committees were appointed and directors of the Orangeville State Bank were authorized to do all things necessary to liquidate the Orangeville State Bank and to bring about the consolidation of the Orangeville State Bank with the new bank to be formed. That thereafter the stockholders of the Peoples State Bank passed a similar resolution. That thereafter the directors of the Orangeville State Bank by resolution duly passed authorized its cashier to bor-

row money by and on behalf of the Orangeville State Bank from the new bank to be formed and indorse and deliver to said new bank all its bills and notes receivable, said new bank to assume all the liabilities of the Orangeville State Bank. That thereafter the State Bank of Orangeville was duly organized and commenced business. That all the acts and doings of the stockholders and directors of the Orangeville State Bank in connection with the passing of these resolutions and the consolidation of the Orangeville State Bank with the State Bank of Orangeville were duly authorized and confirmed in writing by the auditor of public accounts of this State. That on July 25, 1925, the Peoples State Bank transferred all its bills receivable and notes receivable to the State Bank of Orangeville, which assumed the payment of all bills payable and deposit liability of the Peoples State Bank. That on or about July 1, 1925, the Orangeville State Bank transferred to the State Bank of Orangeville its bills receivable together with $168,426.20 cash and its note for $27,077.80, being the difference between the total amount of its bills receivable and cash and its deposit liability and bills payable liability which the State Bank of Orangeville had assumed. That among the notes receivable transferred by the Orangeville State Bank to the new bank were notes aggregating $136,-689.57 indorsed with recourse by the Orangeville State Bank. That E. M. Reeser was the cashier of the Orangeville State Bank and became the cashier of the new bank. That the Orangeville State Bank retained various assets consisting of bills receivable, notes and real estate and by and with the consent of the directors and stockholders of the Orangeville State Bank the said E. M. Reeser proceeded to liquidate the remaining assets of the Orangeville State Bank and apply the sum so collected in liquidation of its liability on its note of $27,077.80. That said note had been reduced to the sum of $7,100 at the time this proceeding was insti-

tuted. That the stockholders and directors of the Orangeville State Bank, with full knowledge of the acts and doings of the said E. M. Reeser continued to hold stockholders' and directors' meetings and that the stockholders and directors of the said Orangeville State Bank directly benefited by the consolidation of the Orangeville State Bank with the State Bank of Orangeville and with full knowledge of all the facts and surrounding circumstances they allowed the said E. M. Reeser to continue in possession of the remaining assets of the said Orangeville State Bank and liquidate the same for the purpose of reducing the liability of the Orangeville State Bank to the State Bank of Orangeville and that the said E. M. Reeser in liquidating said assets renewed various notes and bills receivable, reduced others to judgment, sold assets of the said Orangeville State Bank and that said stockholders of the Orangeville State Bank ratified, approved and confirmed the acts and doings of the Orangeville State Bank and the acts and doings of the said E. M. Reeser, its cashier, by failing to take any action or actions or other proper procedure to terminate the legal existence of the said Orangeville State Bank as a corporate entity or to bring about the termination and liquidation of its affairs; that all the acts and doings of the directors and stockholders of the Orangeville State Bank in consolidating with the State Bank of Orangeville were performed pursuant to the statutes in such cases made and provided, being sections 12 and 13 of chapter 16 A of Callaghan's Illinois Statutes Annotated, 1924 Edition; that the auditor of public accounts of the State of Illinois from time to time made periodical examinations of the affairs of the State Bank of Orangeville and knew that the Orangeville State Bank was indebted to the State Bank of Orangeville on the notes executed and delivered by Orangeville State Bank to State Bank of Orangeville and on the various notes indorsed and delivered by Orangeville State

Bank to State Bank of Orangeville. That upon the notes transferred by Orangeville State Bank to State Bank of Orangeville bearing the indorsement of Orangeville State Bank by E. M. Reeser, cashier, now held by plaintiff as receiver of Orangeville State Bank there remains due and unpaid thereon a sum in excess of $20,000; that at the time said notes matured the makers thereof failed to pay the same and that E. M. Reeser, acting as cashier of Orangeville State Bank and State Bank of Orangeville, allowed said notes to be renewed by the makers thereof payable either to Orangeville State Bank or State Bank of Orangeville, but in each and every instance caused the indorsement of the Orangeville State Bank to be placed on said notes at the time of the renewal thereof and that by virtue of the same the Orangeville State Bank is liable thereon for the amount hereinabove set forth.

To this amended complaint certain defendants filed their motion to dismiss, the sixth, seventh and eighth paragraphs of which are: "Sixth: That the said complaint discloses on its face that the resolution in question contemplated a liquidation of the said Orangeville State Bank and that the said resolution and the matters and things contemplated thereby were *ultra vires,* illegal and void under the statutes and laws of the State of Illinois. Seventh. That it appears from the face of said complaint that the matters, things and transactions alleged in the complaint to have taken place between the Orangeville State Bank and the State Bank of Orangeville were contrary to and in violation of the laws and statutes of the State of Illinois, and that the said acts and transactions were *ultra vires,* illegal and void. Eighth. That it appears from the face of said complaint that a liquidation which was *ultra vires,* illegal and void was attempted under and by virtue of the consolidation provisions then existing with regard to state banks and that said consolidation provisions had no application to the

liquidation of the said bank and that no consolidation was in fact or in law ever attempted or effected.''

Thereafter the plaintiff filed his motion to strike from the files the foregoing motion to dismiss and upon a hearing of the motion to dismiss and the motion to strike the court overruled the motion of the plaintiff to strike and sustained the motion of the defendants to dismiss for the reasons above set forth in said paragraphs six, seven and eight and the plaintiff electing to abide by his amended complaint, a decree dismissing the amended complaint as to the defendants making the motion to dismiss and rendering judgment in their favor for costs was entered and it is to reverse this decree that this appeal has been prosecuted.

This suit is not instituted by appellant against the Orangeville State Bank to recover the balance due from it upon the notes given by that bank to the State Bank of Orangeville or to recover upon the secondary liability of that bank by reason of its indorsement upon the several notes receivable which were transferred by it to the State Bank of Orangeville but is a proceeding against the stockholders of the Orangeville State Bank brought by appellant in behalf of himself and all other creditors of the Orangeville State Bank to enforce the constitutional liability of the stockholders of that bank to its creditors. Counsel for appellant contends that it appears from the allegations of the amended complaint that the Orangeville State Bank and the Peoples State Bank, in 1925, transferred substantially all of the assets of both banks to the State Bank of Orangeville, which assumed all the liabilities of the two banks; that this arrangement was done with the consent of the auditor of public accounts and was in fact a consolidation which the statute then in force permitted and therefore none of the acts done in bringing about this consolidation can be held to be ultra vires.

The appellees contended in the trial court and the chancellor held that in 1925 when the transactions set forth in the amended complaint took place there was only one method of voluntary liquidation for a State bank and that was governed by section 15 of the Banking Act, which provided that a bank could determine its affairs, distribute its assets, resign its charter and close up its business by depositing with the auditor of public accounts an amount of money equal to the whole amount of debts and demands against it, that from the allegations of the amended complaint it appears that there was an attempt by the State Bank of Orangeville to liquidate the Orangeville State Bank in a way not sanctioned by the banking act and that in so doing all the transactions must be held to be ultra vires and void.

*Continental Ill. Nat. Bank & Trust Co. v. Peoples Trust & Savings Bank of Chicago,* 366 Ill. 366 was a suit brought by the Continental Bank in behalf of itself and all other creditors of the Peoples Bank against the Peoples Bank and its stockholders to enforce the constitutional liability of the stockholders of the Peoples Bank to its creditors. It appeared in that case that the Continental Illinois Bank and Trust Company and the Peoples Bank and Trust Company of Chicago entered into an agreement on June 9, 1932, whereby the Peoples Bank conveyed and transferred to the Continental Bank all of its assets except some leases and the Continental Bank assumed the liabilities of the Peoples Bank. The assets received by the Continental Bank were insufficient to discharge the liabilities of the Peoples Bank to the Continental Bank and the Continental Bank brought this suit against the Peoples Bank and its stockholders. The court held that the law then in force authorized one bank to contract in writing with another bank to assume the whole amount of its debts and demands but that such contract must be approved by the auditor of public accounts, that inasmuch as

the agreement between the Continental Bank and the Peoples Bank had not been so approved, the banks were without power to make the agreement, that it was void and the Continental Bank was not a creditor within the meaning of the Constitution and that there could be no recovery by it from the stockholders of the Peoples Bank.

Counsel for appellant argue that inasmuch as the amended complaint alleges that the Orangeville State Bank consolidated with the State Bank of Orangeville and that in so doing it acted in pursuance of sections 12 and 13 of the Banking Act and not under section 15 of that act, that what the court said and held in *Continental Ill. Nat. Bank & Trust Co. v. Peoples Trust & Savings Bank, supra,* is not applicable. In our opinion the allegations of the amended complaint do not sustain this conclusion.

Section 12 of the Banking Act which was effective at the time the transactions took place as alleged in the amended complaint, provided among other things. that whenever the board of directors of any banking corporation may desire to consolidate such corporation with any other corporation having banking powers which may hereafter exist, they may call a special meeting of the stockholders of such corporation for the purpose of submitting to a vote of such stockholders the question of such a consolidation with some other corporation. That each stockholder shall be advised of such meeting either by mail or delivering personally a notice signed by a majority of the directors and in addition a general notice of the time, place and object of the meeting shall be published for three successive weeks. That at the meeting if two-thirds of all the votes represented by the whole stock are in favor of the consolidation, a certificate verified by the affidavit of the president and under the seal of the corporation shall be filed in the office of the auditor and a like certificate with the recorder of deeds

and that upon filing such certificate a notice of such change of organization shall be published for three successive weeks. Section 13 of the same act provided that all banking corporations so consolidating shall forward to the auditor of public accounts the complete proceedings of their consolidation, together with a list of the stockholders and such other records as the auditor may require. The allegations of the amended complaint do not set forth the fact that these steps were taken. There is no consolidation agreement referred to in the pleadings but what the complaint alleges is that the stockholders did all things necessary to liquidate the Orangeville State Bank, that they passed resolutions providing for its liquidation and appointed committees and authorized the directors to do all things necessary to liquidate the Orangeville State Bank and to bring about its consolidation with the new bank to be formed, that it transferred its bills receivable, cash and notes to the new bank, which assumed all its deposit and bills payable liabilities. Among its bills payable, after the transaction was completed, was this note of $27,077.80. If there was a consolidation and not a liquidation, then the State Bank of Orangeville assumed the payment of this note of $27,077.80 along with the other bills payable and deposit liability of the Orangeville State Bank. While the amended complaint alleges as a conclusion of the pleader that the acts done were performed pursuant to sections 12 and 13 of the Banking Act, the other allegations of the amended complaint are inconsistent therewith. Consolidation occasions the dissolution of the constituent corporations, but here the amended complaint alleges that the Orangeville State Bank continued to exist as a legal entity. After a consolidation is effected the stockholders of the constituent corporations would have stock in the new corporation but if that was true in the instant case, there is nothing in the amended complaint that discloses it.

In *Chicago Title & Trust Co. v. Doyle,* 259 Ill. 489, it was said that corporations are creations of the General Assembly and that any consolidation, merger or purchase by which one corporation acquires the franchises of another corporation must have statutory authority to do so, that as the whole matter is under control of the General Assembly, the effect of a consolidation with respect to the extinction of the constituent corporations and the creation of a new corporation or the continued existence of one or both of the constituent corporations depends upon the statute under which the consolidation is effected. ''The general rule'' continues the opinion, ''is that the consolidation effects the dissolution of the original corporations and brings into existence a new corporation possessed of the property, rights, and franchises and assuming the liabilities of those passing out of existence.''

In *Chicago Title & Trust Co. v. Zinser,* 264 Ill. 31, it was held that by the consolidation of the Real Estate Title and Trust Company and the Chicago Title and Trust Company the original corporations ceased to exist and the Chicago Title and Trust Company, as the consolidated corporation, acquired and succeeded to all the property, rights and franchises of its component parts and became subject to all the duties, obligations and conditions imposed upon them.

From an examination of the amended complaint the only reasonable conclusion that can be drawn therefrom is that the transactions therein alleged were designed for the purpose of effecting the liquidation of the Orangeville State Bank. Liquidation of this bank was the essence of the steps taken by the stockholders of the Orangeville State Bank as set forth in this amended complaint. They transferred to the State Bank of Orangeville substantially all of its assets and by the assumption by that bank of all of its liabilities, all its powers bestowed upon it as a banking corporation were ended. Although it did not surrender its

charter and was not technically dissolved, that fact is immaterial. It could not have been dissolved without first satisfying all its obligations but as a bank it was completely out of business. The action of the State Bank of Orangeville in assuming the liability of the Orangeville State Bank and its action in attempting to shift responsibility for its debts was beyond the powers conferred upon these banking corporations by the legislature and precludes appellant from recovering in this proceeding against its stockholders. *Continental Ill. Nat. Bank & Trust Co. v. Peoples Trust & Savings Bank, supra.*

The decree appealed from is in harmony with the authorities and will be affirmed.

*Decree affirmed.*