THE W. SCHEIDEL COIL COMPANY, Appellant, *vs.* JAMES
A. ROSE, Secretary of State, Appellee.

*Opinion filed December 22, 1909.*

1. FEES AND SALARIES—*section 1 of act concerning incorpora-
tion fees construed.* Paragraph 10*a* of chapter 53 of Hurd's Stat-
utes, relating to fees for incorporation, means that no papers shall
be permitted to be filed in the office of the Secretary of State, or
application made for the purpose of organizing a corporation, un-
til the fees therein specified have been paid.

2. CORPORATIONS—*incorporation fees must be paid before cer-
tificate of consolidation can be filed.* The effect of consolidation
is the dissolution of the old corporations and the coming into ex-
istence of a new corporation having the property, rights, powers,
franchises, duties and obligations of the constituent companies,
and before the certificate of the consolidation proceeding can be
filed in the office of the Secretary of State, fees must be paid as
for the organization of a new corporation, notwithstanding the
constituent corporations have paid their incorporation fees.

3. SAME—*consolidation is not accomplished until certificate is
filed in office of Secretary of State.* It is only when the certifi-
cate of the action of the stockholders required by paragraph 53 of
chapter 32 of Hurd's Statutes is filed in the office of the Secretary
of State that consolidation is accomplished and the new corpora-
tion organized.

4. SAME—*corporations cannot consolidate without statutory au-
thority.* Corporations cannot consolidate without statutory · au-
thority, and the legislature, in granting such authority, may im-
pose such terms as it sees fit.

APPEAL from the Circuit Court of Cook county; the
Hon. R. W. CLIFFORD, Judge, presiding.

A. D. GASH, for appellant.

W. H. STEAD, Attorney General, (ORVILLE F. BERRY,
of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Appellant filed a petition for a writ of *mandamus* in
the circuit court of Cook county in which it alleged that
the W. Scheidel Coil Company and the Western X-Ray

and Coil Company were separate corporations organized
under the laws of this State; that the stockholders of the
respective companies, in pursuance of a call of their re-
spective boards of directors and of notice given as required
by law, met separately and each voted to consolidate the
two companies under the name of the Scheidel-Western
X-Ray Coil Company, making the capital stock of the con-
solidated corporation $110,000, the sum of the capital stock
of the two original corporations; that on August 7, 1907,
a certificate of the foregoing proceedings was made under
the seal of the W. Scheidel Coil Company, verified by the
affidavit of its president, and a duplicate thereof was re-
corded in the office of recorder of deeds of Cook county;
that the original, together with one dollar, was forwarded
to James A. Rose, Secretary of State of the State of Illi-
nois, with a demand that he file the same; that the capital
stock of the Western X-Ray Company was $60,000 and
that of the W. Scheidel Coil Company was $50,000, and
that their incorporation fees had been paid at the time they
were, respectively, incorporated; that the said James A.
Rose received the said certificate on August 8, 1907, but
refused to file the same, and demanded that he be paid,
before doing so, $155 fees in addition to the one dollar
presented. The prayer of the petition was for a writ of
*mandamus* commanding the said James A. Rose to file said
certificate. A demurrer was sustained to the petition and
it was dismissed and judgment was rendered against the
petitioner, from which an appeal is prosecuted directly to
this court, the State being interested.

The only question argued is the right of the appellee
to demand the additional fee before filing the certificate.

Paragraph 10*a* of chapter 53 of Hurd's Revised Stat-
utes provides that all corporations hereafter organized un-
der the laws of this State, before they shall be permitted
to file any papers in the office of the Secretary of State or
make any application for the purpose of being incorpo-

rated, shall pay to the Secretary of State fees as therein specified, except in case of homestead associations, building and loan associations, religious associations and corporations not for pecuniary profit. Corporations for all lawful purposes, except banking, insurance, real estate brokerage, the operation of railroads and the business of loaning money, may be organized under the general Incorporation act. Other acts provide for the incorporation of railroad companies, banks and insurance companies. Some of these acts require the proceedings for incorporation to be had through the office of the Auditor of Public Accounts, and do not require that any papers shall be filed with the Secretary of State or that any certificate shall be issued by him. With such corporations this section of the statute is not concerned. But in the organization of most corporations, including all those organized under the general Incorporation act and all railroad companies, certain papers are required to be filed in the office of the Secretary of State. It was manifestly the intention of the section of the statute cited, to require the payment of the fees therein specified in the case of all corporations whose organization requires the filing of papers in the office of the Secretary of State. Speaking accurately, the papers filed in the office of the Secretary of State in the process of organization of a corporation are not filed by the corporation and the corporation does not make an application for the purpose of being incorporated. A corporation does not become organized until after the necessary papers have been filed in the office of the Secretary of State, and in the case of ordinary corporations, until his certificate has been filed for record in the proper county, and in the case of railroad companies, the articles of incorporation have been recorded in the proper counties. Before these things are done the corporation has no existence and can do no act. But these preliminary proceedings must be taken by individuals in behalf of the corporation proposed to be organized. The

section cited, therefore, must be held to mean that no papers shall be permitted to be filed in the office of the Secretary of State or application made for the purpose of organizing a corporation until there shall have been paid to the Secretary of State the fees specified.

The proceedings of appellant and the Western X-Ray and Coil Company mentioned in the petition were had under the provisions of paragraph 50 of chapter 32 of Hurd's Statutes, for the purpose of consolidating the two under a new name, with a capital stock equal to that of both the constituent companies. Such object was the organization of a new corporation. The statute provides that upon the filing of the properly verified certificate of the proceedings of the stockholders in the office of the Secretary of State and the filing for record of a like certificate in the recorder's office of the proper county the consolidation voted for shall be accomplished. The effect of such consolidation is the dissolution of the constituent companies. They cease to exist as legal entities. A new corporation comes into existence having all the property, rights, powers and franchises, and subject to all the duties and obligations, of both the constituent companies. (*Ohio and Mississippi Railway Co.* v. *People,* 123 Ill. 467; *People* v. *Louisville and Nashville Railroad Co.* 120 id. 48.) The capital stock, corporate name and organization, board of directors, officers and managers of such new corporation will be such as may be determined by the articles of consolidation. When the consolidation is accomplished by the filing of the certificate of the action of the stockholders, and not until then, the new corporation is organized under the laws of the State. The filing of the certificate is therefore subject to the provision of the statute in regard to the payment of fees.

It is said that it is not the new corporation which it is proposed to organize that is asking to have the certificate filed, but is the petitioner, a corporation which has been

organized for years and has paid the fees for its incorporation. The certificate is presented to be filed for the purpose of organizing a corporation, and, under the statute, before such filing can be permitted the fees must be paid. The fact that the constituent companies have paid their incorporation fees is immaterial. When it is sought to organize a new corporation, the statute authorizes no exemption from the payment of fees because the corporation is to be organized by the consolidation of two corporations which have paid fees on their capital stock. Corporations cannot consolidate without statutory authority, and the legislature, in granting such authority, may impose such terms as it sees fit.

There is no error in the record and the judgment is affirmed.                    *Judgment affirmed.*