(No. 15443.—Judgment affirmed.)

THE SOUTHERN ILLINOIS GAS COMPANY, Appellee, *vs.*
THE COMMERCE COMMISSION, Appellant.

*Opinion filed February 19, 1924.*

1. CORPORATIONS—*effect of consolidation of corporations—fees.*
The effect of the consolidation of two or more corporations is to
dissolve the original corporations and create a new one, and the
new corporation is required to pay fees for its organization as a
new corporation.

2. SAME—*consolidation of corporations is a merger and not a
purchase.* The consolidation of two or more corporations, while
it may have the characteristics of a purchase, is not a purchase
but is a merger or union of the rights and obligations of the origi-
nal corporations, which go out of existence and for which the single
new corporation is substituted.

3. PUBLIC UTILITIES—*corporations cannot consolidate or issue
bonds without consent of Commerce Commission.* Public utility
corporations cannot merge or consolidate or issue bonds without
the authorization of the Commerce Commission, as provided in
the Public Utilities act.

4. SAME—*a new corporation organized by merger is not liable
for tax on exchange of bonds.* A new public utility corporation
organized by the merging or consolidation of other corporations is
not liable, when issuing bonds to refund bonds of the original cor-
porations, to pay the ten cent bond issue tax required by section 31
of the Public Utilities act, as such refunding is excepted by the
proviso to said section. (*Scheidel Coil Co.* v. *Rose,* 242 Ill. 484,
distinguished.)

APPEAL from the Circuit Court of Jackson county; the
Hon. ALBERT E. SOMERS, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, ALBERT D.
RODENBERG, WILLIAM E. TRAUTMANN, and JAMES W.
GULLETT, for appellant.

B. P. ALSCHULER, and CHARLES E. FEIRICH, for ap-
pellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The question for determination in this case is whether, upon the consolidation of two or more corporations and the issue of bonds by the consolidated corporation for the payment and cancellation of bonds previously issued by one of the constituent corporations, such bonds are subject to the charge of ten cents for every $100 under section 31 of the Public Utilities act, or are exempt from such charge under the proviso to that section.

On April 6, 1921, the Public Utilities Commission entered an order, which was modified by a supplemental order entered on June 21, 1921. As modified the order authorized the consolidation of the Southern Illinois Gas Company, the Murphysboro Waterworks and Electric and Gas Light Company, and the DuQuoin Light, Heat and Power Company, all domestic corporations, under the name of Southern Illinois Gas Company, authorized the new corporation to issue bonds of the par value of $940,000, directed that so much of the issue of bonds as should be required be used to discharge and cancel the indebtedness and liabilities of the constituent corporations, and required the payment of a fee of ten cents for every $100 of bonds authorized by the order to be issued. On November 16, 1921, the consolidated corporation filed its petition with the Commerce Commission, showing that the constituent companies had issued $400,000 of bonds under the authorization of the Public Utilities Commission and had paid the fee of ten cents on the $100 required by law on such issue, and that $400,000 of the bonds issued by the consolidated company had been set aside to refund these bonds, and praying for a modification of the order of the commission by fixing the amount of the fee to be paid at $540 only, and by finding that the corporation was entitled to recover the excess which it had paid, $400. The commission denied the petition, but the circuit court of Jackson county on appeal re-

versed the order as to the fees and modified and reduced the amount to $540, and the commission appealed.

The facts as alleged in the petition and found by the commission and the court are undisputed.

Section 21 of the Public Utilities act provides that a public utility may issue bonds for the discharge or lawful refunding of its obligations, provided it shall first have secured from the commission an order authorizing it to do so. Section 31 provides that the commission shall charge every public utility receiving permission for the issue of bonds, ten cents for every $100 of the amount authorized, which shall be paid into the State treasury before any bonds shall be issued, provided that no fee shall be required for permission to issue bonds to exchange, refund, discharge or retire any bonds, with certain exceptions which are not applicable here.

Section 65 of the general Corporation act (Laws of 1919, p. 329,) authorizes the consolidation of any two or more corporations. Section 69 provides that "when such merger or consolidation has been effected the merged or consolidated corporations shall be a single corporation in accordance with the terms and provisions of the resolutions so adopted and approved, [as provided in section 67,] and shall be subject to all the duties and liabilities, and have all the rights and privileges, immunities and powers of a corporation formed under this act." Section 70 provides: "Such single corporations shall thereupon and thereafter possess all the rights, privileges, immunities, powers and franchises, as well of a public as a private nature, and all property, real, personal and mixed, and all debts due on whatever account, as well as for stock subscriptions and all other things in action, of, or belonging to, each of such corporations, and be subject to all the restrictions, liabilities and duties of each of such corporations so merged or consolidated. All property, rights, privileges, immunities, powers and franchises and all and every other interest shall

thereafter be as effectually the property of the single corporation as they were of the several and respective merging or consolidating corporations." Section 71 provides that "all rights of creditors and all liens upon the property of either of such merging or consolidating corporations shall be preserved unimpaired, and all debts, liabilities and duties of the respective corporations shall henceforth attach to such single corporation and may be enforced against it to the same extent as if such debts, liabilities and duties had been incurred or contracted by it." Section 72 provides: "When two or more corporations are merged or consolidated, the single corporation shall have power and authority to issue bonds * * * to an amount sufficient, with its capital stock, to provide for all the payments it will be required to make, or obligations it will be required to assume." But in the case of public utilities a merger or consolidation may not be made nor may bonds be issued without the authorization of the Commerce Commission, as provided in the Public Utilities act. *New York Central Railroad Co.* v. *Stevenson,* 277 Ill. 474.

The effect of the consolidation of two or more corporations is to dissolve the original corporations and create a new one, and the new corporation thus organized is required to pay fees for its organization as a new corporation. (*Scheidel Coil Co.* v. *Rose,* 242 Ill. 484.) The appellant argues that the creation of the new corporation was for the purpose of purchasing the three old corporations and continuing the public service. A consolidation is not a purchase but is referred to in the statute as a merger. It has, perhaps, some of the qualities of a purchase, but it is a union of the rights and obligations of the original corporations which go out of existence and for which the single new corporation is substituted. It succeeds to all the property, rights, privileges, immunities, powers and franchises and every other interest which had belonged to the merging or consolidating corporations, or to any or either of them,

as provided in section 70 of the Corporation act. Also, by the next section all debts, liabilities and duties of the respective corporations upon the merger or consolidation attach to the single new corporation, and may be enforced against it to the extent as if such debts, liabilities and duties had been incurred or contracted by it. Under this comprehensive language the $400,000 of bonds became by the consolidation the obligation of the appellee, for the discharge or lawful refunding of which it was expressly authorized by section 21 of the Public Utilities act to issue bonds, subject to the provisions of the act and the order of the commission.

There is a difference between the stock tax involved in *Scheidel Coil Co.* v. *Rose, supra,* and the bond tax here, in that the law providing for the tax on the stock of a consolidated corporation was subject to no exception where there had been a previous issue of stock which had paid the tax, while the proviso to section 31 exempts from the tax, bonds issued for exchanging, refunding, discharging or retiring bonds which had paid the tax.

The case of *Kansas City Railway Co.* v. *Public Service Com.* 273 Mo. 173, has been referred to as sustaining the view of the appellant that the fee for issuing the bonds is a proper charge, but we do not regard the case in point. The corporation there purchased certain street railway property at a foreclosure sale and the indebtedness against the property was extinguished by the sale. The purchaser having procured authority for a new bond issue, claimed exemption from the tax on the issue of the bonds upon the ground that these bonds were substituted for the original bonds, and were, in effect, refunding bonds. The original bonds were extinguished by the sale, they never became a liability of the purchaser, and the court held they could not be regarded as refunding bonds.

The commission authorized the issue of $940,000 of bonds as a part of the plan of consolidation, but $400,000

of that amount was an obligation which the law imposed upon the appellee as the effect of the consolidation, and the substitution of the bonds of the consolidated company amounted to a refunding of bonds, which became by the consolidation the obligations of the appellee.

The judgment is affirmed.        *Judgment affirmed.*