GRAND RAPIDS NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21116. Promulgated January 9, 1928.

*Frank E. Seidman, C. P. A.*, for the petitioner.
*Alva C. Baird, Esq.*, for the respondent.

1120

OPINION.

SIEFKIN: The question presented for our consideration is whether two affiliated corporations, which merged during the year 1922, must file two returns, one for the period of affiliation and one for the period of merger or, whether one return for the entire period is proper.

The position of the petitioner is that the merger did not create a new corporate entity; that since no new corporate entity was created, no new taxable entity would result, since the two corporations which were the basis of the merger were affiliated prior to the merger and that, therefore, only one taxable entity existed throughout the year 1922 and only one return is required.

We have heretofore held in a number of cases that the theory of affiliation is to tax, as a business unit, what really is a business unit. *Appeal of Isse Koch & Co.*, 1 B. T. A. 624. In *Appeal of American La Dentelle, Inc.*, 1 B. T. A. 575, we stated:

> From July 1, 1919, however, Congress has said that the generally recognized principle of corporate identity was to be overridden for the purpose of the income and profits tax and that a consolidated return should be filed "if substantially all the stock of two or more corporations is owned or controlled by the same interests," which is the situation here. From July 1, in other words, the separate existence ceased for tax purposes just as effectually as if under State statute the corporations had been consolidated for all corporate purposes.

Likewise, we said in *Appeal of H. S. Crocker Co.*, 5 B. T. A. 537, at page 540:

> It is our conception of the law that, for purposes of taxation, the affiliated group must be considered as a single economic unit. The requirement with respect to computing the taxes of an affiliated group upon the basis of a consolidated return was first introduced into the law to prevent avoidance and resulting injustice, either to the Government or to the taxpayer, as the case might be, and not to create that situation. The normal treatment in the case of an affiliated group as a single economic unit, therefore, is to disregard the internal structure, to break down the separate legal existence of subsidiaries, and to treat them in all respects, so far as taxation is concerned, as if they were unincorporated branches.

And again, at page 541, it was said:

The effect of consolidation, in the language of congressional committees quoted in other decisions of the Board relating to affiliations, is to treat that as an economic unit which really is an economic unit. The statute should be so interpreted that consolidation can not be so carried out as to make evasion possible, or so carried out as to make accidental differences result in tax. This can only be done by disregarding corporate lines in computing the income and treating the affiliated group as one corporation. When this is done it is clear that a transaction such as we have here results in no profit or loss to the affiliated group, being a change in form of a profit or loss previously realized and reflected in the assets or liabilities of one of the group.

Under the reasoning of these decisions, it appears that from January 1, 1922, to March 14, 1922, but one return was required.

An Act entitled "An Act to provide for the consolidation of national banking associations" (40 Stat. 1043, 1044), and which was approved November 7, 1918, stated:

Any two or more national banking associations located within the same county, city, town or village, may, with the approval of the Comptroller of the Currency, consolidate into one association under the charter of either existing banks, on such terms and conditions as may be lawfully agreed upon by a majority of the board of directors of each association proposing to consolidate, and be ratified and confirmed by the affirmative vote of the shareholders of each such association owning at least two-thirds of its capital stock outstanding.

This Act contemplates a merger in that the associations shall continue under the charter of one of them. There is, therefore, created no new entity.

In *Appeal of A. J. Siegel, et al.*, 4 B. T. A. 186, the first paragraph of the syllabus reads:

Under the 1918 amendment to the National Banking Act, three banking associations agreed to unite their business and assets and to continue the business under the charter of one of such associations, in accordance with the provisions of the statute. *Held*, that no new corporate entity was created, the effect of the statute being to merge the identity of two of such associations in the third, whose corporate existence continued.

The Revenue Act of 1921, section 239 (a) provided:

That every corporation subject to taxation * * * shall make a return, * * *.

Section 240 of the same Act permitted two or more affiliated corporations to make a consolidated return, thus showing that section 239 does not strictly require that "every corporation" shall file a separate return. We think that filing a return for the year 1922 meets the requirements of the statute and that "every corporation" involved has filed "a return."

Based on the foregoing, we agree with petitioner's contention that but one return was required for the entire year 1922.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*

TRAMMELL and GREEN dissent.