PLUMBER'S SUPPLY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33673. Promulgated August 4, 1930.

*R. L. Slaughter, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, and *Karl Martin, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent asserts deficiencies in income tax for the years 1923 and 1924 in the respective amounts of $2,591.87 and $1,203.62. The only issue is whether net losses sustained by a predecessor corporation in the years 1921 and 1922 may be applied to

reduce the taxable income of the petitioner in each of the years here involved.

The petitioner is an Oklahoma corporation, with its principal office at Tulsa. It was organized January 1, 1923, and on that date issued its entire authorized capital stock of the par value of $150,000 in exchange for the entire capital stock of a Missouri corporation of the same name, which stock had a par value of $250,000. In some way, not clearly disclosed by the record, the stock of the petitioner was distributed to the stockholders of the Missouri corporation, and immediately after January 1, 1920, each of the stockholders of the petitioner owned the same proportion of its outstanding shares that he had previously owned of the outstanding shares of the Missouri corporation. The record does not show how, when, or if ever, the petitioner acquired the assets of the Missouri corporation (p. 2), or that such corporation was ever liquidated or dissolved. It is agreed, however, that in the years 1921 and 1922 the Missouri corporation sustained net losses sufficient, if carried forward under the controlling provisions of the law, to extinguish the asserted deficiencies for the taxable years. The only question for us to decide is whether in the circumstances the net losses sustained by the Missouri corporation may be applied to reduce the income of the petitioner in the taxable years.

The sole contention of the petitioner is that in the circumstances the Oklahoma corporation was no more than a continuation of the Missouri corporation under a different name and with the principal office in a different State. It argues that there was no change in stockholders, in relative stockholdings, nature of business or accounting systems. Even if all these things are true, it does not follow that the two corporations can be regarded as identical. The petitioner is chartered under the laws of Oklahoma; its predecessor was a Missouri corporation. The real question here is whether the Missouri corporation, which is certainly a different legal entity, may be regarded as identical with the petitioner for tax purposes. In *Maytag Co.*, 17 B. T. A. 182, this exact question was presented and the Board decided adversely to the petitioner. That decision is controlling here. See also *Phillip C. Donner*, 16 B. T. A. 758.

*Decision will be entered for the respondent.*