STANDARD SILICA COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32636.    Promulgated February 6, 1931.

*Laurence Graves, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

MORRIS: Is the petitioner entitled to deduct the aggregate net loss of $53,528.44 alleged to have been sustained in 1921 and 1922 by the Standard Silica Sand Company and Belrose Sand Company, two predecessor corporations, in the determination of its net taxable income for 1923?

Section 204 (b) of the Revenue Act of 1921 permits a "taxpayer" to deduct a net loss sustained by it from the net income of said "taxpayer" for the succeeding taxable year. Our question, therefore, resolves itself into whether the petitioner here should be treated as the "taxpayer" and afforded the privilege under the law of deducting the net losses of its predecessor corporations.

One of the theories upon which the petitioner relies to bring itself within the purview of the Act is that under the following quoted sections of the Illinois statute it stands in the place and stead of the predecessor corporations, occupies the same position, and should be recognized as the "taxpayer":

When such merger or consolidation has been effected, the merged or consolidated corporation shall be a single corporation in accordance with the terms and provisions of the resolutions so adopted and approved, and shall be subject to all the duties and liabilities, and have all the rights and privileges, immunities and powers of a corporation formed under this Act.

Such single corporations shall thereupon and thereafter possess all the rights, privileges, immunities, powers and franchises, as well of a public as a private nature, and all property, real, personal and mixed, and all debts due on whatever account, as well as for stock subscription and all other things in action, of, or belonging to, each of such corporations, and be subject to all the restrictions, liabilities and duties of each of such corporations so merged or consolidated. All property, rights, privileges, immunities, powers and franchises and all and every other interest shall thereafter be as effectually the property of the single corporation as they were of the several and respective merging or consolidating corporations. The title to any real estate, whether by deed or otherwise, under the laws of this State, vested in any of such corporations, shall not revert or be in any way impaired by reason of such merger or consolidation.

All rights of creditors and all liens upon the property of either of such merging or consolidating corporations shall be preserved unimpaired, and all debts, liabilities and duties of the respective corporations shall henceforth attach to such single corporation and may be enforced against it to the same extent as if such debts, liabilities and duties had been incurred or contracted by it. Any action or proceeding pending by or against one of the corporations merged or consolidated may be prosecuted to judgment, as if such merger or consolidation had not taken place, · or the merged or consolidated corporation may be substituted in its place.

We can not see how the above quoted sections of the Illinois statute are of any assistance in determining the application of the net loss provision of the Federal taxing statute. Although, under the State statute, the successor corporation possesses the rights, powers, and franchises of the predecessor corporations, such statute can not be construed as identifying a taxpayer under the Federal taxing statute or designating the corporation entitled to the benefits thereof. Such determination must rest upon the Federal statute itself.

The question of the right of a successor corporation to the benefits of the net loss provision when the losses were sustained by a predecessor corporation was before us in *The Maytag Co.*, 17 B. T. A. 182. The Maytag Company of Iowa wishing to increase its authorized capital stock and finding its plan impracticable under the laws of that State, organized a new corporation, the petitioner there, under the laws of the State of Maine. The Iowa corporation having sustained a net operating loss in 1921, the new corporation sought the deduction thereof in 1922. The Board considering the doctrine as laid down in *Weiss* v. *Stearn*, 265 U. S. 242, and *Marr* v. *United States*, 268 U. S. 536, said:

So here we have corporations organized under the laws of different States and presumably having different rights and powers, and, while both had the

same amount of preferred stock, there was a change in common stock from 12,201.5 shares of $100 par to 80,000 shares of no par. These changes are matters of substance and not to be lightly disregarded. * * *

And it held that the petitioner, the new corporation, was not the same taxable entity as the old and was not entitled to the deduction of the net loss claimed. Cf. *Rosenbaum Bros., Inc.*, 11 B. T. A. 736.

The petitioner's counsel argues that *Marr* v. *United States, supra*, forms the basis for the decision in *The Maytag Co., supra*, and that since all of the corporations involved in this proceeding were organized and incorporated under the laws of the State of Illinois, *Weiss* v. *Stearn, supra*, is controlling and that the opposite conclusion from that in the *Maytag* case should be reached. The concurring Justices of the Supreme Court in *Weiss* v. *Stearn, supra*, in their dissenting opinion in *Marr* v. *United States*, state:

Weiss v. Stearn did not turn upon the relatively unimportant circumstance that the new and old corporations were organized under the laws of the same State, but upon the approved definition of income from capital as something severed therefrom and received by the taxpayer for his separate use and benefit. * * *

If the foregoing cases just discussed contain any controlling principles relative to the issue here presented, it would seem to be that where two or more corporations reorganize, the business and assets of which are not materially changed and the stockholders receive nothing actually severed from their original capital interest—nothing differing in substance from what they already had, then in such a case the legal distinction in corporate entity should be ignored. See dissenting opinion, *Marr* v. *United States, supra*.

The *Maytag* case does not stand for the proposition that the place of incorporation is the deciding factor. In that case the Board, applying the test of substantive as distinguished from merely formal changes, found that incorporation in different States, with different rights and powers and a radical change in the capital structure, were substantial changes which could not be ignored.

From the meager facts stipulated in the instant proceeding we can not say positively whether the change which took place was substantial or not. Nor can we find from the record that the stockholders received nothing differing in substance from what they already had. Indeed, it is reasonable to assume that the stockholder's new interest was something different and more valuable possibly than his former holding. There were two predecessor corporations, not affiliated for income tax purposes, hence we may say that there were, no doubt, two separate sets of stockholders owning interests in individual corporations having different assets and

liabilities. After the consolidation and the petitioner issued its entire capital stock for the entire stock of the predecessor corporations, the individual stockholders of said predecessors acquired interests in a single corporation owning the combined wealth of the two predecessors. Or, differently stated, each stockholder of each of the old corporations received in exchange for his interest in the assets of a single corporation an interest in the combined assets of two corporations. For these reasons we are of the opinion that the doctrine of *Weiss* v. *Stearn* can not be followed.

We are of the opinion that the petitioner is not the "taxpayer" within the meaning of section 204(b) of the Revenue Act of 1921 as defined by section (2) of said Act and is, therefore, not entitled to deduct from its net income net losses sustained by its predecessor corporations.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

TRUSSELL, dissenting: I think that under the facts here shown this petitioner is the "taxpayer" within the meaning of section 204 (b) of the Revenue Act of 1921 with respect to net losses of its predecessor corporations.

Section 2 (9) of the act in question defines a "taxpayer" as including "any person, trust or estate *subject to a tax imposed by this Act*." Reduced to its simplest terms the issue is whether the petitioner is the particular taxpayer which is entitled to the benefit of section 204 with respect to the net losses of the predecessor corporations. The petitioner contends that the respondent has erred in giving effect to a change of identity, and that the substance should be considered, that is, that the petitioner stands completely in the place of the predecessor corporations with the same stockholders, same assets and the same liabilities, and by the direct provisions of the law under which it came into being, the petitioner is entitled to all the privileges of the predecessor corporations.

It is shown that the consolidation was one of two Illinois corporations and carried out under the Illinois statute. It is not disputed that the consolidation is a combination of the predecessors into a new corporation. *Scheidel Coil Co.* v. *Rose*, 242 Ill. 484; 90 N. E. 221; *Chicago Title & Trust Co.* v. *Doyle*, 259 Ill. 489; 102 N. E. 790; *Chicago Title & Trust Co.* v. *Zinser*, 264 Ill. 31; 105 N. E. 718. It must be remembered, however, that the purpose and effect of the consolidation is to continue corporate activity. The business is not wound up or its property distributed. The very object of the con-

solidation, and of the statutes which permitted it, is to continue the business. *Wabash, St. Louis & Pacific Ry. Co.* v. *Ham*, 114 U. S. 587. The consolidated corporation, by express provision of the statute, succeeds to everything. The rights, powers and franchises are passed to and exercised by it. *People* v. *Dunleith & Dubuque Bridge Co.*, 322 Ill. 99; 152 N. E. 526; *Chambers* v. *George Vassar's Sons & Co.*, 143 N. Y. S. 615. The consolidated company assumes the liabilities of the predecessor company to the same extent as if incurred by it. *Sikes* v. *Moline Consumers' Co.*, 293 Ill. 112; 127 N. E. 342. The consolidation leaves the predecessors without property or franchise. It steps into the shoes of the predecessors. For all practical purposes the consolidated company is the same as its predecessors, and a continuation of them. Nothing has happened but a mere change of form. *Phillips* v. *Howe Films Co.*, 33 Fed. (2d) 891.

In *Bailey* v. *Railroad Co.*, 89 U. S. 604, the Supreme Court had for consideration the question of the effect of such a consolidation under a statute of New York, similar in all essential respects to the statute here in question, as to tax liability of the successor corporation for taxes imposed upon and assessed to one of the predecessor corporations. In this case assessment had been made against the predecessor corporation for tax due on scrip dividends issued by it and distraint made of the property of the successor corporation. In attacking this exaction by distraint the successor corporation made what is in effect·the same argument that is here advanced by respondent to sustain his denial of the deduction sought—that the taxing act is the only authority for the assessment of the tax and that the tax was thereby specifically laid upon the company *issuing the scrip;* that the successor corporation could not be liable for the tax as such, and subject to distraint, as it was a new and distinct corporate entity not in existence at the time the scrip was issued and was consequently not the *issuing corporation* made liable by the act. Here, the respondent contends that the taxing act only grants the privilege of deduction from income in succeeding years of net losses to the taxpayer corporation sustaining the loss and that petitioner being a new corporate entity, not in existence when the loss was sustained, can not be considered as the taxpayer which incurred the loss, and entitled to the privilege granted to that taxpayer by the act. In passing upon this question, the Court, in holding that the liability of the successor corporation was the same as that of its predecessor, said:

Sufficient appeared to obviate the necessity for any extended reply to the suggestions that the certificates were not issued by the plaintiffs, or that the assessment was made to one of the old companies, which for many purposes went out of existence when the consolidated company was formed. All of these

imaginary difficulties, which were the subject of repeated reference at the argument, are forever silenced by the legislative act of the State under which the plaintiffs came into existence.

By that act it is provided that the rights of all creditors of, and of all liens upon, the property of the corporations, parties to the agreement and the act, shall be preserved unimpaired and the respective corporations shall be deemed to continue in existence to preserve the same, and all debts and liabilities incurred by either of the corporations, except mortgages, *shall thenceforth attach* to such new corporation and be enforced against it and its property to the same extent as if such debts or liabilities had been incurred or contracted by such new company.

I can not find, upon careful investigation, that the conclusion reached by the Court as to the effect of a consolidation under the statute of this character, as to liabilities of the predecessor corporation, has been changed or modified.

On the other hand, the right of a successor corporation, under a consolidation such as we have here, to exercise the privilege accruing under the taxing acts to one of its predecessors of deducting, over a term of years a loss sustained by such predecessor, has been sustained. *Western Maryland Railway Co.* v. *Commissioner*, 33 Fed. (2d) 695. In that case the predecessor sold certain bonds at a discount. Its right to amortize the loss by pro rata deductions taken yearly over the bond period was upheld and the right of its successor corporation to deduct from *its income* these yearly amounts from the time that it took over the assets of the predecessor and assumed its obligations was sustained. In that case, as here, the predecessor corporation sustained a loss which, under the taxing acts, it had a right to deduct in part each year for 20 years in computing its net taxable income for each year. By the consolidation during that period the successor assumed the bond obligation and was held to be entitled to continue the yearly deductions and thus reduce its income by the remaining balance of its predecessor's loss not yet amortized by deduction.

Applying the rule laid down in the cited cases, I think it clear that this petitioner, created by consolidation under the more definitely expressed Illinois statute, would be unquestionably liable for unpaid income taxes laid upon its predecessors in 1921 and 1922, and had a deficiency been determined by respondent for such taxes, the same would be collectible from petitioner forthwith and directly, by distraint if necessary; that such liability is in no sense one as transferee of the assets of the predecessor, but is a primary one attaching to petitioner from the first moment of its existence as one of the conditions of its organization and grant of corporate life and power by the State; that in respect to liabilities of the predecessor corporations the latter live and are represented in the successor corporation.

I can reach no other conclusion than this and I think that it necessarily follows that petitioner, having for all practical purposes

assumed the place of its predecessor corporations in so far as tax liability and enforcement thereof are concerned, must be considered as *subject to the tax*, whether one refers to taxes of the predecessors for 1921 and 1922, or taxes of the petitioner for the current year.

It is noted that the Supreme Court in the recent case of *United States* v. *Updike*, 281 U. S. 489, where the contention was made as here, but under a section of the 1926 Act, that the word " taxpayer " was limited in its meaning to the one originally liable for the tax, said:

Indeed when used to connote payment of a tax, it puts no undue strain upon the word " taxpayer " to bring within its meaning that person whose property, being impressed with a trust to that end, is subjected to the burden. Certainly it would be hard to convince such a person that he had not paid a tax.

May we consistently hold that, although the act authorizing the consolidation is effective to place upon the new corporation the direct and, in effect, primary liability for the tax imposed upon one of its predecessors, its plain and unequivocal provisions continuing in the new corporation all the rights and privileges of the old, have no effect in respect to a right granted the old by the same statute which imposes the tax in question? I can not see a sound basis for so construing the taxing act and this conclusion is further strengthened by the fact that the exercise of the privilege by the successor corporation is entirely consistent with the purposes of the Congress, as expressed in all of the Committee reports relative to the bill which became the Revenue Act of 1921, that the proposed section 204 was designed to confer, upon businesses regularly carried on, the privilege of offsetting their net losses against the net income of succeeding years. The continuity of operation of the businesses here involved was unbroken; the change was one of form alone, the same property and the same stock ownership existing in the new corporation and the two predecessors being merely represented thereafter in one corporation under the provisions of the Illinois statute that " * * * the merged or consolidated corporations shall be a single corporation * * * ." Furthermore, the effect of the conclusion reached is economically consistent with the provisions of the statute in section 202 (c) that no gain or loss be recognized for tax purposes as resulting from consolidation.

I can not see that *The Maytag Co.*, 17 B. T. A. 182, cited and relied on in the foregoing opinion, even if a correct rule is laid down therein, is here in point. There was, in that case, no consolidation.

In my opinion petitioner is entitled to deduct, in the taxable year before us, the net losses sustained for 1921 and 1922 by these two predecessor corporations.