INDUSTRIAL COTTON MILLS COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28131, 28132.   Promulgated March 10, 1931.

*R. E. Cabell, Esq.,* and *Legh R. Page, Esq.,* for the petitioner.
*H. B. Hunt, Esq.,* and *J. O. Rhyne, Esq.,* for the respondent.

OPINION.

MURDOCK: The respondent was allowed to amend his answer after the hearing to claim that a redetermination of the deficiencies should be made on the basis of an affiliation beginning February 9 and ending June 30, 1922. The proof on this point is not as clear as it might be, but it seems that at some time in 1921 the creditors' committee of the Blue Buckle Cotton Mills, Inc. acquired the right to have all of the stock of the Blue Buckle Cotton Mills, Inc. transferred to its nominee; this nominee was the Industrial Cotton Mills Company, Inc.; and the committee had all of the certificates in its hands endorsed for transfer. The actual transfer was not made until February 9, 1922. But ownership or control of stock does not depend upon the date of formal transfer of certificates. The Industrial Cotton Mills Company, Inc. owned or controlled all of the stock of the Blue Buckle Cotton Mills, Inc. on or before January 1, 1922, and until the merger. Thus, the two were affiliated during this period and a computation of tax liability based upon a consolidated return for this period would be proper. But this does not satisfy the petitioner, which contends that the filing of but one return, a consolidated return, covering the entire year 1922 was proper. It claims that the Industrial Cotton Mills Company, Inc., up to the time of the merger, was not an operating company and had no physical properties, but only owned certain indebtedness and the stock of the Blue Buckle Cotton Mills, Inc., so that all of the profits of the first six months of 1922 were profits of the Blue Buckle Cotton Mills, Inc., and the profits of the last six months of 1922 and all profits of 1923 were in fact due to operations of the Blue Buckle Cotton Mills, Inc., although the operations during these two latter periods were conducted under the name of Industrial Cotton Mills Company, Inc. The petitioner has not established facts of record to support this contention, but even if the facts had been proven we would not agree with its contention. Obviously the affiliation ceased with the merger. Thereafter, there was no longer one corporation which owned or controlled all of the stock of the other, nor was there ownership or control of the stock of two corporations by the same interests. For income tax purposes, at least, there was but one corporation after the merger and section 240 would have no application. Therefore, the tax liability for the last six months of the year

1922 should be computed on the basis of a separate return of the Industrial Cotton Mills Company, Inc. *Grand Rapids National Bank*, 9 B. T. A. 1119, is overruled. *Lowell & Andover Railroad Co.*, 8 B. T. A. 501; *Sweets Co. of America, Inc.*, 12 B. T. A. 1285, affirmed as to this point in 40 Fed. (2d) 436; *B. T. Couch Glue Co.*, 12 B. T. A. 1321. Cf. *American La Dentelle, Inc.*, 1 B. T. A. 575; *Arthur Walker & Co.*, 4 B. T. A. 151; *Baker-Vawter Co.*, 7 B. T. A. 597; *Green River Distilling Co.*, 16 B. T. A. 395; *Weber-King Lumber Co.*, 20 B. T. A. 1011; and *Bankers' Trust Co.* v. *Bowers*, 295 Fed. 89.

The petitioner contends that the losses which the Blue Buckle Cotton Mills, Inc. sustained as a result of cancelling its contracts for raw cotton were properly deducted on its income tax return for 1921, and the net loss shown on that return may be deducted from the net income of the Blue Buckle Cotton Mills, Inc. for the year 1922, and the excess must be allowed as a deduction in computing the net income of the petitioner for the year 1923. The respondent contends that these losses were sustained in 1920, but makes an alternative contention in which he assumes, for the purpose of argument, that the Blue Buckle Cotton Mills, Inc. had a net loss as claimed in the year 1921 and maintains that that net loss can not be properly applied in accordance with section 204 (b) of the Revenue Act of 1921 because no segregation has been made in the record of the net income of the Blue Buckle Cotton Mills, Inc. for any part or all of the year 1922, and, as a matter of fact, the Blue Buckle Cotton Mills, Inc. ceased to have any income after June 30, 1922.

The losses here in question arise from breach of contract. In *Lucas* v. *American Code Co.*, 280 U. S. 445, the Supreme Court of the United States, dealing with a similar question, sustained the decision of this Board and refused to allow the company which breached its contract to deduct the loss in the earlier year. The Court there remarked that the income tax law is generally concerned with realized losses except " in the case of losses which are so reasonably certain in fact and ascertainable in amount as to justify their deduction, in certain circumstances, before they are absolutely realized." It pointed out that the statute provides no definite legal test for determining the year in which losses occasioned by the taxpayer's breach of contract are to be deducted, but the general requirement that they are to be deducted in the year in which sustained calls for a practical, not a legal, test. It then stated:

The Board of Tax Appeals has held, in a series of well-reasoned opinions, that a loss occasioned by the taxpayer's breach of contract is not deductible in the year of the breach, except under the special circumstances where, within the tax year, there is a definite admission of liability, negotiations for settlement are begun, and a reasonable estimate of the amount of the loss is accrued on the books.

In the present case in the year 1920, the Blue Buckle Cotton Mills, Inc. was ready to admit that it would be liable in some undetermined amount on account of these contracts. It was not in position to determine this amount. The other parties to the contracts had made no claim, no negotiations for settlement had been begun, and no reasonable estimate of the amount of the loss was accrued on the books. Under these circumstances it is our opinion that all of the losses should be deducted in the year 1921 in determining the net loss for that year which is to be carried forward into later years. The parties stated that they were not in disagreement as to the amounts of these losses.

This brings us to the respondent's alternative contention. The net loss of the year 1921 was a loss of the Blue Buckle Cotton Mills, Inc. and under section 204 that net loss may be deducted from the net income of the same taxpayer for 1922. But under the decisions of this Board and of the courts it is not proper to deduct that loss from the net income of any other taxpayer for 1922 or 1923, even though some other taxpayer may have been affiliated with the Blue Buckle Cotton Mills, Inc. for all or a part of the year 1922, or even though some other taxpayer may have absorbed the Blue Buckle Cotton Mills, Inc. in the year 1922. *The Maytag Co.*, 17 B. T. A. 182; *Alabama By-Products Corporation*, 18 B. T. A. 919; *Standard Silica Co.*, 22 B. T. A. 97; *Athol Manufacturing Co.*, 22 B. T. A. 105; *Swift & Co.* v. *United States*, 69 Ct. Cls. 171; 38 Fed. (2d) 350. It would be proper to deduct the net loss of the Blue Buckle Cotton Mills, Inc. for 1921 from its net income for the first six months of 1922 which was in fact its only income for the entire year. But there should be eliminated in computing such net income all income and deductions of the affiliated group which relate to the Industrial Cotton Mills Company, Inc.

Under Regulations 62, articles 632 and 636 relating to income tax and war-profits and excess-profits tax under the Revenue Act of 1921, affiliated corporations filing a consolidated return were required to use Form 1120 and to file with that form statements of gross income and deductions and the several schedules required " in columnar form to the end that the details of the items of gross income and deductions for each corporation included in the consolidation may be readily audited." The petitioner placed in evidence a copy of the Form 1120 which was filed as a consolidated return of the Industrial Cotton Mills Company, Inc. and the Blue Buckle Cotton Mills, Inc. for the calendar year 1922. This form does not comply with the above regulations. It is not possible to tell from the return which corporation filed it, but such schedules as there are indicate that the income was the income of the Industrial Cotton Mills Company, Inc.

We can not determine from this return nor from any other fact in the record before us the amount of the net income of the Blue Buckle Cotton Mills, Inc. for the period January 1, 1922, to June 30, 1922, or for the calendar year 1922. So far as we know the Industrial Cotton Mills Company, Inc. may have had income for the first six months of 1922, or if it did not have income, some of the deductions taken on the consolidated return may have been its deductions relating to this period, and further than this there is no way of separating the operations of the first six months from the operations of the last six months. Perhaps the parties can agree upon this question of net income in their computations under Rule 50, but if not, the establishment of these facts was a part of the petitioner's case and it must suffer the consequences.

Reviewed by the Board.

> *Judgment of no liability may be entered in Docket No. 28131. Judgment will be entered under Rule 50 in Docket No. 28132.*