OVERBROOK NATIONAL BANK OF PHILADELPHIA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32378.   Promulgated August 31, 1931.

*B. B. Hoar, Esq.,* for the petitioner.
*O. J. Tall, Esq.,* for the respondent.

OPINION.

GOODRICH: The whole issue here is whether, as a matter of law, a net loss may be deducted from income, not by the Fifty-Second Street Bank, by which it was sustained, but by this petitioner, a national bank formed by the merger of the Fifty-Second Street Bank with the Overbrook Bank and the subsequent charter under the Federal statutes of the consolidated corporation.

Petitioner urges that the consolidated bank was a continuation of the old constituent corporations and has the same right to deduct this loss as had the single bank before the merger. It contends that, in substance, the new legal entity sustained the loss, because the merger proceedings were merely matters of form and the two banks continued to conduct their business after the merger precisely as before. In short, it contends that the new corporation, although a distinct legal entity, is to all practical intents and purposes, a mere continuation of the old corporations, and, therefore, should be permitted to deduct from its income the net loss sustained by one of the constituent corporations.

This precise issue has heretofore been considered by this Board, its prevailing opinion being adverse to petitioner's contention. See *Philip C. Donner*, 16 B. T. A. 758; *Maytag Co.*, 17 B. T. A. 182; *Alabama By-Products Corporation*, 16 B. T. A. 1073, rehearing, 18 B. T. A. 919; *Plumbers Supply Co.*, 20 B. T. A. 459; *Standard Silica Co.*, 22 B. T. A. 97; *Athol Manufacturing Co.*, 22 B. T. A. 105; *Industrial Cotton Mills Co.*, 22 B. T. A. 648.

Unless the principles established by these cases are overruled by higher authority, we must conform thereto and hold that petitioner is not the "taxpayer" within the meaning of section 206 of the Revenue Act of 1924, and, therefore, is not entitled to deduct from its income the net loss sustained by one of its predecessor corporations.

*Judgment will be entered for the respondent.*