MANUFACTURERS TRUST COMPANY (FORMERLY CHATHAM PHENIX NATIONAL BANK & TRUST COMPANY), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46073.   Promulgated August 29, 1933.

*James L. Dohr, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

TRAMMELL: The issue in this case is whether or not the respondent erred in refusing to allow the petitioner to deduct from its gross income for the year 1925 the sum of $36,991.17, representing the

statutory net loss sustained by the Metropolitan National Bank & Trust Co. for the period January 1 to March 15, 1925. The Metropolitan Bank was merged or consolidated with the petitioner on the latter date, under the Act of Congress approved November 7, 1918 (40 Stat. 1043, 12 U.S.C.A., secs. 33, 34), and the consolidated bank continued under the petitioner's charter.

The petitioner contends that the return filed by it for 1925, in which it reported the income and deductions of itself and its subsidiaries for the entire year, as well as the income and deductions of the Metropolitan Bank for the period January 1 to March 15, 1925, was a proper and sufficient return, upon the basis of which its tax liability should be computed. The respondent held that the Metropolitan Bank should have filed a separate return for that period, and determined the deficiency by eliminating from the petitioner's return the income and deductions of the absorbed bank for the portion of the year preceding consolidation.

The petitioner, on brief, further contends in the alternative that the net loss of the Metropolitan Bank should be carried forward and offset against the income derived by it during the period from March 16 to December 31, 1925, from the properties transferred to the petitioner by the Metropolitan as a result of the consolidation. No separate account was made of the income subsequently produced by the assets of the merged banks, but it is shown that the Metropolitan contributed 21 percent of such assets and the petitioner proposes to allocate to the Metropolitan assets 21 percent of petitioner's income. From the amount so computed as Metropolitan income, petitioner argues that the net loss in question should be deducted in determining its tax liability for 1925.

We are unable to agree with the petitioner's contentions. In *A. J. Siegel*, 4 B.T.A. 186, where three banking associations united under the statute of 1918 cited above, and continued the consolidated business under the charter of one of the associations, we held that no new corporate entity was created, the effect of the statute being to merge the identity of two of the associations in the third, whose corporate existence continued. However, in such case the merged or consolidated corporation becomes liable for all obligations of its constituents (*Nat. Bank of Commerce*, 19 B.T.A. 1080, and authorities cited; affd., 55 Fed. (2d) 1073), and the merging corporation ceases to be a taxpayer. For income tax purposes, at least, there is but one corporation after the merger. *Industrial Cotton Mills Co.*, 22 B.T.A. 648, 652. It follows that since the petitioner here is not the "taxpayer" which sustained the net loss in controversy, it is not entitled to deduct the same in computing net income for the taxable year. *Woolford Realty Co.* v. *Rose*, 286 U.S. 319; *Overbrook Nat. Bank of Philadelphia*, 23 B.T.A. 1390; *Industrial Cotton Mills Co., supra;*

*Athol Mfg. Co.*, 22 B.T.A. 105; *Standard Silica Co.*, 22 B.T.A. 97; *Alabama By-Products Corp.*, 18 B.T.A. 919; *Swift & Co.* v. *United States*, 38 Fed. (2d) 365.

In support of its argument that but one return was required for the taxable year, petitioner cites our decision to that effect in *Grand Rapids Nat. Bank*, 9 B.T.A. 1119. The cited case was overruled by us in *Industrial Cotton Mills Co.*, *supra*, and while the latter decision was reversed by the Circuit Court of Appeals for the Fourth Circuit, 61 Fed. (2d) 291, such reversal was predicated upon facts which do not exist in the instant case. This is made clear by the following extract from the court's opinion:

It is true that ordinarily the loss sustained by one of a number of affiliated corporations cannot be carried forward and deducted from the consolidated return, but must be deducted only from the income of the corporation which has sustained the loss (citing authorities). And on the same principle, loss sustained by one corporation prior to its merger with another cannot be availed of, we think, by the corporation resulting from the merger. This rule, however, is based upon the fact that the statute authorizes the carrying forward of the deduction only by the taxpayer who has sustained the loss; and a group of affiliated corporations, although a taxpaying unit, is not a taxpayer within the meaning of the section authorizing the deduction. To permit the deduction in the consolidated return of affiliates or in the return of a corporation succeeding to their rights by merger would open the door to tax evasion by permitting a corporation with taxable income to escape taxation by the simple expedient of acquiring a business which had sustained losses in past years.

But the rule has no application, we think, where there is in reality but one taxpayer, and the merger, as here, is with a mere holding company which owns no property except the stock and obligations of the company which produces the entire income * * *.

It is obvious that the principle upon which the court reversed our decision in the *Industrial Cotton Mills* case has no application under the facts of the present case, which comes well within our prior decisions and those of the courts hereinabove cited.

*Judgment will be entered for the respondent.*