THE PENNSYLVANIA COMPANY FOR INSURANCES ON LIVES AND GRANTING ANNUITIES, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 64194, 64196. Promulgated February 28, 1934.

*Joseph A. Lamorelle, Esq.*, for the petitioner.
*Chester A. Gwinn, Esq.*, for the respondent.

### OPINION.

ARUNDELL: The respondent determined a deficiency in income for the fiscal year ended November 30, 1929, in the amount of $46,307.14, of which $13,327.30 is in controversy. Two petitions have been filed and docketed based upon the one deficiency notice sent out by the

respondent. The name of the petitioner is the same in both. In one, Docket No. 64194, it is alleged that petitioner was incorporated under letters patent dated June 1, 1929, and in the other, Docket No. 64196, petitioner alleges it is a corporation under letters patent issued in 1930. Counsel stipulated for the consolidation of the two proceedings, that there is only one tax liability to be determined; that the petitioner named in Docket No. 64196 is the real and only taxpayer in both proceedings and whatever deficiency is ultimately determined shall be determined against it; and that an order of no deficiency shall be entered in Docket No. 64194, which order shall not in any way prejudice whatever deficiency may be determined in Docket No. 64196.

These matters out of the way, we take up the only issue raised by the pleadings which is that of the right of petitioner to take a deduction for a net loss sustained by the Bank of North America & Trust Co. in the period January 1 to May 31, 1929. The facts were stipulated.

The Pennsylvania Company for Insurances on Lives and Granting Annuities, a Pennsylvania corporation organized in 1812 (hereinafter called the old Pennsylvania Co.), for many years prior to 1929 was engaged in carrying on a general banking, trust, and safe deposit business in Philadelphia. For about five years prior to the consolidation in 1929 hereinafter described, it had its principal office at Fifteenth and Chestnut Streets and a branch office at 517 Chestnut Street, both in Philadelphia. Its capital consisted of 450,000 shares of the par value of $10 each.

For many years prior to 1929 the Bank of North America & Trust Co., a Pennsylvania corporation, hereinafter called the Bank, conducted a general banking, trust, and safe deposit business in Philadelphia, and for about six years prior to the consolidation in 1929 it maintained its principal office at the northwest corner of Fifteenth Street and South Pennsylvania Square and a branch office at 305–307 Chestnut Street, both in Philadelphia. Its capital consisted of 200,000 shares of the par value of $25 each.

On April 25, 1925, the old Pennsylvania Co. and the Bank entered into an " Agreement of Consolidation and Merger." This agreement provided that upon completion of necessary details, such as stockholders' ratification, filing of certificates, etc.," the said merger shall be deemed to have taken place, and the said corporations, parties thereto, shall be one corporation under the name adopted in and by this agreement, possessing all and singular the rights, privileges, and franchises vested in each of them, and all estate and property, real and personal, and the rights of action of each of said corporations, parties hereto, shall be deemed and taken to be transferred to and

vested in * * * the consolidated corporation, without any further act or deed." The name adopted for the consolidated corporation was "The Pennsylvania Company for Insurances on Lives and Granting Annuities," hereinafter called the new Pennsylvania Co. The capital of the new Pennsylvania Co. was fixed at $9,500,000, consisting of 950,000 shares of the par value of $10 per share. The stockholders of the old Pennsylvania Co. were to retain their certificates, " which shall be deemed to represent an equal number of shares of stock of the same par value in the Consolidated Corporation." The stockholders of the Bank were to surrender their stock (par $25) and receive one share of stock in the new Pennsylvania Co. (par $10) for each share surrendered.

On June 1, 1929, letters patent were issued to the new Pennsylvania Co. by the Governor of Pennsylvania. The consolidation was effected and the letters patent issued pursuant to section 3 of the Act of May 3, 1909, P.L. 408, and supplements and amendments thereto, which as far as material, is set out in the margin.[1]

Upon issuance of letters patent, the new Pennsylvania Co. immediately began the carrying on of a general banking, trust, and safe deposit business in Philadelphia, with its principal office at the corner of Fifteenth and Chestnut Streets, which had been the principal office of the old Pennsylvania Co., and branch offices at the places where the main office of the Bank had been located and also where the branch offices of both corporations had been maintained prior to the consolidation.

In 1930 the new Pennsylvania Co. and the Colonial Trust Co., a Pennsylvania corporation, effected a consolidation under the Pennsylvania statute above referred to, the consolidated corporation so resulting taking the name theretofore used by both the old and new Pennsylvania Co., namely, " The Pennsylvania Company for Insurances on Lives and Granting Annuities." The corporation so organized in 1930 is the petitioner in Docket No. 64196.

The Bank filed a corporation income tax return with the collector at Philadelphia for the period January 1 to May 31, 1929, for which period it sustained a net loss for income tax purposes amounting to $120,320.04. During that period it received nontaxable interest and dividends amounting to $57,543.49, leaving a statutory net loss of $62,776.55. In determining the deficiency asserted in these proceedings for the fiscal year ended November 30, 1929, the respondent did not allow as a deduction to the new Pennsylvania Co. the net

[1] Section 3. Upon the filing of said certificates and agreement, or copy of the agreement, in the office of the Secretary of the Commonwealth, and upon the issuing of new letters patent thereon by the Governor, the said merger shall be deemed to have taken place, and the said corporations to be one corporation under the name adopted in and by said agreement, possessing all the rights, privileges and franchises theretofore vested in each of them, and all the estate and property, real and personal, and rights of action of each of said corporations, shall be deemed and taken to be transferred to and vested in the said new corporation without any further act or deed.

loss, or any part thereof, sustained by the Bank for the period January 1 to May 31, 1929.

It has been held in a number of cases that a net loss sustained by a corporation which loses its identity by merger or consolidation may not be taken as a deduction by the merged or consolidated corporation. See *Maytag Co.*, 17 B.T.A. 182; *Plumbers Supply Co.*, 20 B.T.A. 459; *Standard Silica Co.*, 22 B.T.A. 97; *Athol Mfg. Co.*, 22 B.T.A. 105; affd., 54 Fed. (2d) 230; *Clark Dredging Co.*, 23 B.T.A. 503; *Overbrook Natl. Bank of Philadelphia*, 23 B.T.A. 1390; *New Colonial Ice Co.*, 24 B.T.A. 886; affd., 66 Fed. (2d) 480; certiorari granted, 290 U.S. 621. These cases have denied the deduction sought, on the principle that the statute limits the use of a net loss to the income of the taxpayer who sustained the loss, and as the new corporation is a distinct and separate entity, it is not "the taxpayer" sustaining the loss. In *Pittsburgh & West Virginia Ry. Co.*, 22 B.T.A. 876, presenting a jurisdictional question, there had been a consolidation under the Pennsylvania statute involved here. In that case we quoted from *Continental Trust Co. v. United States*, 259 U.S. 156, and also Pennsylvania decisions holding that under the consolidation statute the consolidating corporations are deemed dissolved and the consolidated corporation is a new entity. "It is an entity entirely distinct from that of its constituents." *Pennsylvania Utilities Co. v. Public Service Commission*, 69 Pa. Super. Ct. 612. In *Overbrook Natl. Bank of Philadelphia, supra,* there was a consolidation of Pennsylvania corporations effective April 1, 1924. Between January 1 and March 31, 1924, one of the consolidating companies sustained a net loss, and the consolidated company sought to take this as a deduction from its income for the year 1924. We sustained the respondent's refusal to allow the deduction, on authority of a number of cases, most of which are cited herein. We concluded in that case:

Unless the principles established by these cases are overruled by higher authority, we must conform thereto and hold that petitioner is not the "taxpayer" within the meaning of section 206 of the Revenue Act of 1924, and, therefore, is not entitled to deduct from its income the net loss sustained by one of its predecessor corporations.

The *Overbrook* case is precisely in point, and petitioner herein has not convinced us of error therein. On authority of it and other cases cited we sustain the respondent.

> *Decision of no deficiency will be entered in Docket No. 64194. Decision for the respondent will be entered in Docket No. 64196.*